United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 10, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ASCEND ELEMENTS, INC., *et al.*,[1] | ) |
| | ) Case No. 26-90440 (CML) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED
CREDITOR MATRIX AND LIST OF THE 30 LARGEST UNSECURED CREDITORS;
(II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION; (III) APPROVING THE FORM AND MANNER
OF NOTICE OF COMMENCEMENT; AND (IV) GRANTING RELATED RELIEF**

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors

in possession (collectively, the "Debtors") for the entry of an order (this "Order") (i) authorizing,

but not directing, the Debtors to file a consolidated creditor matrix and list of the 30 largest

unsecured creditors; (ii) authorizing the Debtors to redact certain personally identifiable

information; (iii) approving the form and manner of notice of commencement; and (iv) granting

related relief, as more fully described in the Motion and the First Day Declaration; and upon the

First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

§ 1334 and the *Order of Reference to Bankruptcy Judges from the United States District Court for*

*the Southern District of Texas*, entered May 24, 2012; and this Court having found that this is a

core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a

final order consistent with Article III of the United States Constitution; and this Court having found

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ascend Elements, Inc. (2893) and Ascend Elements US, LLC (8309).  The location of the Debtors' service address is: 133 Flanders Road, Westborough, MA 01581.

[2]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to file a single consolidated Creditor Matrix and a single consolidated Top 30 List for all of the above-captioned chapter 11 cases.

2. The requirement that the Debtors file a separate Creditor Matrix and Top 30 List for each Debtor is waived.

3. The Debtors and the Claims and Noticing Agent are authorized to redact the names, email addresses, and home addresses of all individual creditors or any other natural person and all personally identifiable information of minors on the Creditor Matrix and any other documents, including affidavits of services and schedules of assets and liabilities and statements of financial affairs, filed or to be filed with this Court in these chapter 11 cases.

4. Upon request, the Debtors shall provide an unredacted version of the Creditor Matrix and any other filings redacted pursuant to this Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any statutory committee appointed in these chapter 11 cases, and (d) any party in interest who, for cause, requests such information from the Debtors or the Court; *provided*, in each case, that the recipient of such unredacted documents shall not transfer or otherwise provide such

unredacted document to any other person or entity without a further order from this Court. The Debtors shall inform the U.S. Trustee and the Court promptly after denying any request for an unredacted document pursuant to this Order. The rights of all parties in these chapter 11 cases to object to the relief set forth in this paragraph are hereby preserved.

5.      The Debtors are authorized to serve all pleadings and papers, including the Notice of Commencement, on all parties listed on the Creditor Matrix, including via email, if available.

6.      The Debtors are authorized to serve the Notice of Commencement, substantially in the form attached hereto as **Exhibit 1**, on all parties listed on the Creditor Matrix and on all parties that have entered an appearance in these chapter 11 cases.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of these chapter 11 cases and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

7.      The Debtors shall cause the Notice of Commencement (with such changes as may be required for publication) to be published once in the national edition of *The New York Times* within seven (7) days after entry of this Order or as soon as practicable thereafter.  The form of the publication notice is hereby approved and authorized pursuant to Bankruptcy Rule 2002(l).

8.      The Debtors shall cause the Claims and Noticing Agent to post the Notice of Commencement on the case website.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10.      Notwithstanding the relief granted herein and any actions taken pursuant to such relief, and subject to the administrative status afforded pursuant to this Order, nothing in this Order

15

shall be deemed: (a) an admission by the Debtors as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors, or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

Signed: April 10, 2026

Christopher Lopez
United States Bankruptcy Judge

16

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

| Information to identify the case: | |
|---|---|

Debtor  __ASCEND ELEMENTS, INC., *et al.*__        EIN:    __82-2222893__
       Name

United States Bankruptcy Court for the: __Southern__    District of __Texas__
                                              (State)      Date case filed for chapter 11    __04/09/2026__
                                                                              MM / DD / YYYY

Case number: __26-90440 (ARP) (Joint Administration Requested)__

## Official Form 309F (For Corporations of Partnerships)

# Notice of Chapter 11 Bankruptcy Case      12/17

**For the debtors listed above, cases have been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the cases for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the cases imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from the debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the cases may be inspected on the website created by Verita Global, the Claims and Noticing Agent for these chapter 11 cases at www.veritaglobal.net/ascend, the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov). Telephonic inquiries may be directed to Verita at (866) 927-7078.

**The staff of the bankruptcy clerk's office cannot give legal advice.**
**Do not file this notice with any proof of claim or other filing in the case.**

| | | |
|---|---|---|
| 1. | **Debtors' full names:** | |
| | Ascend Elements, Inc.      EIN: 88-2222893      Case No. 26-90440 | |
| | Ascend Elements US, LLC    EIN: 41-3028309      Case No. 26-90439 | |
| 2. | **All other names used in the last 8 years** | |
| | Battery Resourcers, Inc. | |
| 3. | **Address Applicable to all Debtors:** | |
| | 133 Flanders Road, Westborough, MA 01581 | |
| 4. | **Debtors' attorneys:** | |
| | **NORTON ROSE FULBRIGHT US LLP** | |
| | Ryan Manns (SBT 24041391) <br> Jason Blanchard (SBT 24130197) <br> Maria Mokrzycka (SBT 24119994) <br> Michael Berthiaume (SBT 24066039) <br> John Conover (SBT 24138569) <br> 1550 Lamar, Suite 2000 <br> Houston, Texas 77010 <br> Telephone: (713) 651-5151 <br> Facsimile: (713) 651-5246 <br> Email: ryan.manns@nortonrosefulbright.com <br> Email: jason.blanchard@nortonrosefulbright.com <br> Email: maria.mokrzycka@nortonrosefulbright.com <br> Email: michael.berthiaume@nortonrosefulbright.com <br> Email: john.conover@nortonrosefulbright.com | |

**Information to identify the case:**

| | | | |
|---|---|---|---|
| **5.** | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br><br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | **United States Courthouse**<br>**515 Rusk Street**<br>**Houston, TX 77002** | **Hours Open:** Mon-Fri. 9:00 a.m. - 5:00 p.m. (CT)<br><br>**Contact phone:** (713) 250-5500 |

| | | | |
|---|---|---|---|
| **6.** | **Meeting of creditors**<br>The debtors' representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | <u>**Not yet set. To be determined.**</u><br>Date         Time<br><br>The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket. | Location: Telephonic |

| | | | |
|---|---|---|---|
| **7.** | **Proof of claim deadline** | **Deadline for filing proof of claim:** | <u>**Not yet set. To be determined.**</u> |
| | **You may file your claim by mail, overnight courier or hand delivery to:**<br>Ascend Claims Processing Center<br>c/o KCC dba Verita<br>222 N Pacific Coast Highway<br>Suite 300<br>El Segundo, CA 90245<br><br>**Or you may file your claim electronically with the claims agent at the following website:**<br>**www.veritaglobal.net/ascend** | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov, any bankruptcy clerk's office, or on the case website at www.veritaglobal.net/ascend.<br><br>Your claim will be allowed in the amount scheduled unless:<br>▪ your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>▪ you file a proof of claim in a different amount; or<br>▪ you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan.  You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office, the case website at www.veritaglobal.net/ascend or online at www.pacer.gov<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |

| | | |
|---|---|---|
| **8.** | **Exception to discharge deadline**<br><br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below<br><br>**Deadline for filing the complaint: N/A** |

| | | |
|---|---|---|
| **9.** | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

| | | |
|---|---|---|
| **10.** | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |

| | | |
|---|---|---|
| **11.** | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |