**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ASCEND ELEMENTS, INC. *et al.*,[1] | ) | Case No. 26-90440 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (A) APPROVING BID PROCEDURES, (B) AUTHORIZING DESIGNATION OF A STALKING HORSE BIDDER, (C) SCHEDULING AN AUCTION, RELATED DEADLINES, AND A SALE HEARING, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) approving the Bid Procedures attached hereto as **Exhibit 1** (the "Bid Procedures") in connection with one or more sale transactions (each, a "Sale Transaction") involving substantially all of the Debtors' assets (the "Assets"); (ii) authorizing the Debtors, in their discretion, and subject to the consent of the Senior Secured Holders to designate one or more Stalking Horse Bidders for some or all of the Assets, to enter into one or more stalking horse asset purchase agreements, and to seek approval of any related bid protections, including any break-up fee, expense reimbursement, and minimum overbid requirement (collectively, the "Bid Protections"), in accordance with the Bid Procedures and this Order; (iii) scheduling (a) an auction in connection with a Sale Transaction (the "Auction") if the Debtors receive one or more timely and acceptable Qualified Bids (as defined below), (b) a hearing to consider approval of one or more Sale Transactions (the "Sale Hearing") as necessary, and (c) the objection deadline for approval of one or more Sale Transactions (the "Sale Objection Deadline"); (iv) approving

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ascend Elements, Inc. (2893) and Ascend Elements US, LLC (8309).  The location of the Debtors' service address is: 133 Flanders Road, Westborough, MA 01581.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Bid Procedures, as applicable.

the form and manner of notice of the Auction and Sale Transaction attached as **Exhibit 2** hereto (the "Sale and Auction Notice"); (v) approving the form and manner of notice of the Successful Bidder attached as **Exhibit 4** hereto (the "Notice of Successful Bidder"); (vi) approving procedures (the "Assumption and Assignment Procedures") for the assumption and assignment of certain executory contracts and unexpired leases in connection with a Sale Transaction (collectively, the "Assigned Contracts and Leases"); (vii) approving the form and manner of notice to each relevant non-Debtor counterparty (each, a "Contract/Lease Counterparty") to an executory contract or unexpired lease regarding the Debtors' proposed assumption and assignment of the Assigned Contracts and Leases, including notice of proposed amounts necessary to cure any defaults thereunder (the "Cure Costs"), attached as **Exhibit 3** hereto (the "Assumption and Assignment Notice"); and (viii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having considered the statements in support of the relief requested therein at a hearing before the Court (the "Bid Procedures Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all

parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is **FOUND AND DETERMINED THAT**:

**Jurisdiction and Venue**.  The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334, and venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Findings and Conclusions**.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**Notice of the Bid Procedures Motion**.  As evidenced by the certificate of service filed on April 16, 2026 [Docket No. 111], notice of the Motion, the Bid Procedures Hearing, the dates and objection deadlines contained in this Order and the Bid Procedures, and the proposed entry of this Order was sufficient under the circumstances of these chapter 11 cases, and such notice complied with all applicable requirements of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.  The notice of the Motion and of the Bid Procedures Hearing is reasonable and sufficient in light of the circumstances and nature of the relief requested in the Motion, and no other or further notice of the Motion is necessary.  A reasonable and fair opportunity to object to the Motion and the relief granted in this Order has been afforded under the circumstances.

**Bid Procedures**.  The Debtors have articulated good and sufficient reasons for the Court to approve the Bid Procedures, substantially in the form attached hereto as **Exhibit 1**, which are fair, reasonable, and appropriate under the circumstances, are designed to

- 3 -

maximize value for the benefit of the Debtors' estates, their creditors, and other parties in interest, and are consistent with the Debtors' exercise of their respective duties under applicable law. The Bid Procedures are reasonably designed to promote active bidding at and participation in the Auction to ensure that the highest or otherwise best value is generated for the Assets.

**Sale and Auction Notice**. The Sale and Auction Notice, substantially in the form attached hereto as **Exhibit 2**, is appropriate and reasonably calculated to provide interested parties with timely and proper notice of the sale of the Assets, including the sale of the Assets free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and other interests thereon, the Auction, the Sale Hearing, the Bid Procedures, and all relevant and important dates and deadlines with respect to the foregoing, and no other or further notice of the Auction, the sale of the Assets, or the Sale Hearing shall be required.

**Notice of Successful Bidder**. The Notice of Successful Bidder, substantially in the form attached hereto as **Exhibit 4**, is reasonably calculated to provide interested parties with timely and proper notice of the proposed Successful Bid, including: (a) the Successful Bidder; (b) the Backup Bidder, if applicable; (c) the key terms of the proposed sale to the Successful Bidder; (d) the date, time, and place of the Sale Hearing; and (e) the applicable post-Auction objection deadlines, including the Adequate Assurance Objection Deadline.

**Assumption and Assignment Procedures**. The Assumption and Assignment Notice, substantially in the form attached hereto as **Exhibit 3**, is reasonably calculated to provide all relevant non-Debtor counterparties to executory contracts and unexpired leases that may be assumed and assigned in connection with a Sale Transaction (collectively, the "Contract/Lease Counterparties," and each, a "Contract/Lease Counterparty") with proper notice of the potential assumption and assignment of such contracts and leases, the proposed Cure Costs relating thereto, and the related Assumption and Assignment Procedures, and no

other or further notice of such intention, the Cure Costs, or the Assumption and Assignment Procedures shall be required; *provided* that the mere listing of a contract or lease on an Assumption and Assignment Notice does not require or guarantee that such contract or lease will be assumed and assigned, and the Debtors' rights with respect thereto are reserved. The Assumption and Assignment Procedures are reasonable and appropriate and comply with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders, and all other parties in interest. The Bid Procedures appropriately preserve the Debtors' ability, in the exercise of their business judgment, to designate one or more Stalking Horse Bidders later in the sale process and, if appropriate, to seek approval of the Bid Protections, in accordance with the Bid Procedures and this Order. No Stalking Horse Bidder has been designated and no bid protections are approved under this Order except to the extent the Debtors later comply with the procedures set forth herein.

**IT IS HEREBY ORDERED THAT**:

1.     All objections to the relief granted in this Order that have not been withdrawn with prejudice, waived, or settled, and all reservations of rights included therein, are hereby overruled, and denied on the merits with prejudice.

### A. The Timeline for the Sale

2.     The Debtors are authorized to proceed with the proposed sale of their assets in accordance with the Bid Procedures and the timeline approved below and are authorized to take any and all actions reasonably necessary or appropriate to implement the Bid Procedures.

3.      The following dates and deadlines are approved, subject to the Debtors' right to modify them, subject to the consent of the Senior Secured Holders, without further order of the Court by filing notice of such modification with the Court:

| Date and Time*[3] | Event or Deadline |
|---|---|
| May 1, 2026 | **Indication of Interest Deadline**<br><br>Deadline for submitting non-binding indications of interest to proposed counsel for the Debtors for the Assets, which indications should describe the proposed consideration, including whether the bid is a credit bid, a cash bid, or other form of consideration.  For the avoidance of doubt, a party that does not submit a Non-Binding Indication of Interest is not precluded from submitting a Qualified Bid. |
| May 6, 2026 | **Stalking Horse Designation Deadline**<br><br>Deadline by which the Debtors may file a stalking horse notice designating any Stalking Horse Bidder and any proposed Bid Protections. |
| May 9, 2026 | **Assumption and Assignment Notice Deadline**<br><br>Deadline by which the Debtors must file and serve the Assumption and Assignment Notice on Contract/Lease Counterparties |
| 5 Days after Service of Assumption and Assignment Deadline | **Assumption and Assignment Objection Deadline**<br><br>Deadline by which parties must file any Assumption and Assignment Objection. |
| May 9, 2026 at 11:59 p.m. (prevailing Central Time) | **Bid Deadline**<br><br>Deadline by which bidders must submit Qualified Bids. |
| May 11, 2026 at 12:00 p.m. (prevailing Central Time) | **Baseline Bid Deadline**<br><br>Deadline by which Debtors will provide all Qualified |

---

[3] Such dates may be extended by the Debtors with the consent of the Senior Secured Holders.  The Prepetition Secured Parties (as defined in the Interim Cash Collateral Order) qualify as a Qualified Bidder and may submit a Credit Bid any time after the Bid Deadline or during the Auction (such Credit Bid, a "Prepetition Secured Party Credit Bid", and such Credit Bid shall be a Qualified Bid unless otherwise ordered by the Court for cause; *provided, however*, that the Prepetition Secured Parties that may submit a Prepetition Secured Party Credit Bid must indicate their intention to Credit Bid and deliver the material terms of such Credit Bid no later than the Baseline Bid Deadline. For the avoidance of doubt, the Prepetition Secured Parties shall not be required to comply with the Qualified Bid Requirements set forth in paragraphs (A)(7), (A)(10), and (A)(14) of the Bidding Procedures.

| | Bidders with (a) a notice identifying which Qualified Bid is the Baseline Bid; and (b) a copy of each Qualified Bid, including any Credit Bid. |
|---|---|
| May 12, 2026 at 10:00 a.m. (prevailing Central Time) | **Auction (if any)**<br><br>The Auction will be held either (i) at the office of Norton Rose Fulbright US LLP, 2200 Ross Ave, Suite 2000, Dallas, Texas, 75201 or (ii) at such later date and time or other location, as selected by the Debtors in accordance with the Bid Procedures. |
| 1 Day after the conclusion of the Auction | **Notice of Successful Bidder**<br><br>Deadline by which the Debtors must file and serve the Notice of Successful Bidder |
| 3 Days after the conclusion of the Auction | **Sale Objection Deadline**<br><br>Deadline by which parties must file and serve any Sale Objection. |
| May 17, 2026 | **Sale Hearing**<br><br>Hearing to consider approval of the Sale Transaction and related relief. |

4. The failure to timely file an applicable Sale Objection, Assumption and Assignment Objection, Supplemental Assumption and Assignment Objection, or Adequate Assurance Objection in accordance with this Order, the Bid Procedures, the Notice of Successful Bidder, or any Supplemental Assumption and Assignment Notice shall forever bar the assertion of such objection and shall be deemed to constitute such party's consent to the applicable relief and transactions to the extent provided in this Order and the Bid Procedures.

5. Notwithstanding anything to the contrary herein or in the Bid Procedures, the Debtors may modify the Bid Procedures in accordance with this Order and the Bid Procedures to promote a value-maximizing sale process; provided that any material modification shall be disclosed as required by the Bid Procedures and applicable law; and provided further that such modifications shall not modify the consent or consultation rights of any party.

**B.      The Bid Procedures**

6.      The Bid Procedures, attached hereto as **Exhibit 1**, are approved in their entirety and incorporated by reference as though fully set forth herein.  The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bid Procedures in accordance therewith.  The Bid Procedures shall govern the bids and proceedings related to the Auction and the sale of the Assets. The failure to specifically include or reference any particular provision of the Bid Procedures in the Motion or this Order shall not diminish or otherwise impair the effectiveness of such procedures.  The Debtors are authorized to solicit bids and conduct an Auction, if necessary, on the terms set forth in the Bid Procedures and to take all actions as are necessary or appropriate to implement the Bid Procedures.  The Bid Procedures shall govern the submission, receipt, and analysis of all bids, and any party desiring to submit a bid for the Assets must do so strictly in accordance with the terms of the Bid Procedures and this Order.

7.      Each bidder participating at the Auction, if held, shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale of the Assets, as set forth in the Bid Procedures.  The Auction, if held, shall be transcribed or recorded.

8.      The process and requirements associated with submitting a Qualified Bid are approved as fair, reasonable, appropriate, and designed to maximize recoveries for the benefit of the Debtors' estates, creditors, and other parties in interest. As further described in the Bid Procedures, the deadline to submit a Bid shall be **May 9, 2026, at 11:59 p.m.** (prevailing Central Time).

9.      Pursuant to the Bid Procedures the Debtors may, subject to the consent of the Senior Secured Holders: (a) determine which Qualified Bid is the highest or otherwise best offer for some or all of the Assets; (b) at any time prior to entry of an order of the Court approving the Successful Bid, reject any bid, other than any approved Stalking Horse Bid, if

applicable, that the Debtors determine is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bid Procedures, or (iii) contrary to the best interests of the Debtors' estates and their creditors; (c) waive terms and conditions set forth herein with respect to all Qualified Bidders to the extent permissible under this Order or the Bid Procedures; (d) impose such other terms and conditions upon Qualified Bidders as the Debtors determine to be in the best interests of the Debtors' estates in these chapter 11 cases; and (e) modify the Bid Procedures, including the dates and deadlines set forth therein; *provided, however*, in the event the Debtors receive a Qualified Bid solely with respect to the Debtors' real property in Hopkinsville, Kentucky, (a)-(d) of foregoing paragraph shall not be subject to the consent of—but shall be in consultation with—the Senior Secured Holders with respect to such Qualified Bid and Qualified Bidders.

10.     If the Debtors receive more than one Qualified Bid from Qualified Bidders, then the Debtors shall conduct the Auction in accordance with the Bid Procedures.  If one or more Qualified Bid(s) exist for acquiring specific sub-groups of the Assets, then the Debtors may, in the exercise of their reasonable business judgment and in consultation with the Senior Secured Holders, first conduct a sub-Auction for each of the Assets that has at least one Qualified Bid pursuant to the Bid Procedures.

11.     If no Qualified Bids sufficient to warrant an Auction are received by the Bid Deadline, or the Debtors determine not to conduct an Auction, in consultation with the Senior Secured Holders, the Debtors shall file a notice of cancellation of the Auction with the Court and may identify the next steps in the sale process.

12.     At the Auction, if held, any Qualified Bidder who has a valid and perfected lien on any assets of the Debtors' estates (a "Secured Creditor") shall be permitted to submit a credit bid for all or a portion of the assets subject to such lien, up to the amount of such Secured Creditor's allowed claims (a "Credit Bid"), in accordance with section 363(k) of the

Bankruptcy Code; provided that such Credit Bid may be applied only with respect to those assets in which such Secured Creditor holds a valid and perfected lien. If such Secured Creditor is a junior lienholder, any Credit Bid must be accompanied by cash consideration or other means acceptable to the Debtors and the applicable senior lienholder sufficient to satisfy in full the senior lienholder's secured claim or otherwise provide for treatment satisfactory to the senior lienholder.

13. Notwithstanding the foregoing, the Debtors have all rights to object to, or otherwise dispute the validity, enforceability, priority, perfection, or amount of any claims or liens asserted in connection with any Credit Bid, and nothing herein shall be deemed to constitute an allowance or admission of such claims or liens; provided that the foregoing shall not apply to the Notes (as defined in the Interim Cash Collateral Order). In addition, nothing in this Order shall limit the ability of the official committee of unsecured creditors (the "Committee"), if appointed, or any other party in interest, to object to any Credit Bid, including on the basis that such Credit Bid is invalid in whole or in part, whether "for cause" under section 363(k) or otherwise.

14. The Debtors are authorized, but not directed, to designate, with the consent of the Senior Secured Holders, one or more Stalking Horse Bidders for some or all of the Assets in the exercise of their business judgment and in accordance with the Bid Procedures; provided that, if appointed, the Committee shall be consulted regarding any proposed Stalking Horse Bidder and any proposed Bid Protections. If the Debtors select one or more Stalking Horse Bidders, the Debtors shall file a stalking horse notice identifying the proposed Stalking Horse Bidder, the material terms of the proposed stalking horse bid, any proposed bid protections, and the deadline to object. Parties in interest shall have the opportunity to object to any proposed stalking horse designation or bid protections in accordance with the stalking horse notice procedures set forth in the Bid Procedures. Absent further order of the

Court or compliance with those procedures, no person or entity shall be entitled to any expense reimbursement, break-up fee, termination fee, or other similar payment in connection with the sale process or the Auction.

### C.    Sale and Auction Notice

15.    The Sale and Auction Notice, substantially in the form attached hereto as **Exhibit 2**, is approved. Within three business days of the entry of this Order, the Debtors shall cause the Sale and Auction Notice to be served upon parties in interest and posted on the Debtors' case website maintained by the Claims and Noticing Agent (the "Case Website").

16.    As soon as reasonably possible after entry of this Order, the Debtors shall publish the Sale and Auction Notice, with any modifications necessary for ease of publication, on one occasion in either the *New York Times* (national edition), *Financial Times* (global edition), or *Wall Street Journal* (National Edition). Such notice shall be deemed sufficient and proper notice of the sale of the Debtors' assets with respect to any potential interested parties.

### D.    Notice of Successful Bidder

17.    The Notice of Successful Bidder, substantially in the form attached hereto as **Exhibit 4**, is approved. Promptly after the conclusion of the Auction (if held), and in any event by the deadline set forth in the Bid Procedures Order, the Debtors shall file the Notice of Successful Bidder with the Court, cause it to be served on the parties that received notice of the Motion and each Contract/Lease Counterparty that received the Assumption and Assignment Notice or any Supplemental Assumption and Assignment Notice, and publish it on the Case Website.

### E.    Assumption and Assignment Procedures

18.    The Assumption and Assignment Procedures set forth below are approved:

- 11 -

a. ***Assumption and Assignment Notice***. On or before the Assumption and Assignment Notice Deadline set forth in the timeline approved above, the Debtors will file with the Court and serve via first class mail, electronic mail, or overnight delivery, the Assumption and Assignment Notice, attached as **Exhibit 3** hereto, on counterparties to executory contracts and unexpired leases that may be assumed and assigned in connection with a Sale Transaction (collectively, the "Contract/Lease Counterparties," and each, a "Contract/Lease Counterparty"), and post the Assumption and Assignment Notice on the Case Website.

b. ***Content of Assumption and Assignment Notice***. The Assumption and Assignment Notice will notify the applicable Contract/Lease Counterparties that executory contracts and unexpired leases may be subject to assumption and assignment in connection with a Sale Transaction and will contain: (i) a list of the applicable contracts and leases that may be assumed and assigned in connection with a Sale Transaction (collectively, the "Assigned Contracts and Leases"); (ii) the applicable Contract/Lease Counterparties; (iii) the Debtors' good faith estimate of the proposed amount necessary, if any, to cure any monetary defaults under each such contract or lease (the "Cure Costs"); and (iv) the deadline by which any Contract/Lease Counterparty to any such contract or lease must file an objection to the proposed assumption, assignment, or cure and the procedures relating thereto (the "Assumption and Assignment Objection"); *provided* that service of an Assumption and Assignment Notice does not constitute an admission that any contract or lease is an executory contract or unexpired lease or guarantee that such contract or lease will be assumed at any point by the Debtors or assumed and assigned pursuant to any Successful Bid.

c. ***Assumption and Assignment Objections.*** Assumption and Assignment Objections, if any, must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, the Local Rules, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the Assumption and Assignment Objection pertains to the proposed Cure Costs, state the cure amount alleged to be owed to the objecting Contract/Lease Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court and served on the following parties (collectively, the "Objection Notice Parties"): (a) counsel to the Debtors, Norton Rose Fulbright US LLP, 1550 Lamar Street, Suite 2000, Houston, Texas 77010, Attn: Ryan Manns, Jason Blanchard, and Maria Mokrzycka; (b) the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Ha Nguyen (Ha.Nguyen@usdoj.gov) and Vianey Garza (Vianey.Garza@usdoj.gov), (c) counsel to the collateral agent for the CLN Noteholders; (d) counsel to the Senior Secured Holders; and (e) proposed counsel for the Committee, no later than the date and time set forth for the Assumption and Assignment Objection Deadline in the

- 12 -

timeline approved above; *provided* that the Debtors may modify the Assumption and Assignment Objection Deadline by filing a notice of such modification with the Court.

d. ***Effects of Filing an Assumption and Assignment Objection***.   A properly filed Assumption and Assignment Objection will reserve such objecting party's rights against the Debtors only with respect to the assumption and assignment of the contract or lease at issue and/or objection to the accompanying Cure Costs, as and to the extent set forth in it, but will not constitute an objection to the remaining relief requested in the Motion.

e. ***Dispute Resolution.***   Any Assumption and Assignment Objection to the proposed assumption and assignment of a contract or lease or Cure Costs that remains unresolved after the Sale Hearing shall be heard at such later date as may be agreed upon by the parties or fixed by the Court. To the extent that any Assumption and Assignment Objection cannot be resolved by the parties, such contract or lease shall be assumed and assigned only upon satisfactory resolution of the Assumption and Assignment Objection, to be determined in the applicable Successful Bidder's reasonable discretion. To the extent an Assumption and Assignment Objection remains unresolved, the contract or lease may be conditionally assumed and assigned, subject to the consent of the Successful Bidder, pending a resolution of the Assumption and Assignment Objection after notice and a hearing. If an Assumption and Assignment Objection is not satisfactorily resolved, the Successful Bidder may determine that such contract or lease should not be assigned, in which case the Successful Bidder will not be responsible for any Cure Costs in respect of such contract or lease. Notwithstanding the foregoing, if an Assumption and Assignment Objection relates solely to the Cure Costs (any such objection, a "Cure Dispute"), the applicable contract or lease may be assumed by the Debtors and assigned to the Successful Bidder *provided* that the cure amount the applicable Contract/Lease Counterparty asserts is required to be paid under section 365(b)(1)(A) and (B) of the Bankruptcy Code (or such lower amount as agreed to by such Contract/Lease Counterparty) is deposited in a segregated account by the Debtors pending the Court's adjudication of the Cure Dispute or the parties' consensual resolution of the Cure Dispute.

f. ***Supplemental Assumption and Assignment Notice***. If the Debtors discover contracts or leases inadvertently omitted from the Assumption and Assignment Notice or the Successful Bidder identifies other contracts or leases that it desires to assume or assume and assign in connection with the Sale, the Debtors may, after consultation with the Successful Bidder, at any time before the closing of the Sale supplement the Assumption and Assignment Notice with previously omitted contracts or leases or modify a previously filed Assumption and Assignment Notice, including by modifying the previously stated Cure Costs associated with any contract or lease (the "Supplemental

Assumption and Assignment Notice"). The Debtors shall serve such Supplemental Assumption and Assignment Notice on the Contract/Lease Counterparties to contracts or leases that were added or removed or to the Contract/Lease Counterparties to contracts or leases for which the Cure Costs were changed.

g. ***Objection to the Supplemental Assumption and Assignment Notice.*** Any Contract/Lease Counterparty listed on the Supplemental Assumption and Assignment Notice may file an objection (a "Supplemental Assumption and Assignment Objection") only if such objection is to the proposed assumption or assumption and assignment of the applicable contracts or leases or the proposed Cure Costs included in the Supplemental Assumption and Assignment Notice, if any. All Supplemental Assumption and Assignment Objections must: (i) state, with specificity, the legal and factual basis for the objection as well as what Cure Costs are required, if any; (ii) include appropriate documentation in support thereof; and (iii) be filed with the Court and served on the Objection Notice Parties no later than 4:00 p.m.(prevailing Central Time) on the date that is 7 days following the date of service of such Supplemental Assumption and Assignment Notice, which date will be set forth in the Supplemental Assumption and Assignment Notice.

h. ***Dispute Resolution of Supplemental Assumption and Assignment Objections.*** If a Contract/Lease Counterparty files a Supplemental Assumption and Assignment Objection in a manner that is consistent with the requirements set forth above, and the parties are unable to consensually resolve the dispute, the Debtors shall seek an expedited hearing before the Court to determine the Cure Costs, if any, and approve the assumption of the relevant contracts and leases. If there is no such objection, then the Debtors shall obtain an order of the Court fixing the Cure Costs and approving the assumption of any contract or lease listed on a Supplemental Assumption and Assignment Notice. Notwithstanding the foregoing, if a Supplemental Assumption and Assignment Objection relates solely to the Cure Costs, the applicable contract or lease may be assumed by the Debtors and assigned to the Successful Bidder *provided* that the cure amount the applicable Contract/Lease Counterparty asserts is required to be paid under section 365(b)(1)(A) and (B) of the Bankruptcy Code (or such lower amount as agreed to by such Contract/Lease Counterparty) is deposited in a segregated account by the Debtors pending the Court's adjudication of the Cure Dispute or the parties' consensual resolution of the Cure Dispute.

i. ***No Assumption and Assignment Objections.*** If no Assumption and Assignment Objections or Supplemental Assumption and Assignment Objections are timely filed, or if a Contract/Lease Counterparty does not file and serve an Assumption and Assignment Objection or a Supplemental Assumption and Assignment Objection in a manner that is consistent with the requirements set forth above, and absent a

subsequent order of the Court establishing an alternative Cure Cost, (i) the Cure Costs, if any, set forth in the Assumption and Assignment Notice (or Supplemental Assumption and Assignment Notice) will control, notwithstanding anything to the contrary in any contract or lease or any other document, and (ii) the Contract/Lease Counterparty will be deemed to have consented to the assumption or assumption and assignment of the applicable contract or lease and the Cure Costs, if any, and will be forever barred from objecting to the assumption or assumption and assignment of such contract or lease and rights thereunder, including the Cure Costs, if any, and from asserting any other claims related to such contract or lease against the Debtors or the Successful Bidder, or the property of any of them.

j. ***Adequate Assurance Objection Deadline*** Any Contract/Lease Counterparty that wishes to object to the proposed assumption and assignment of a contract or lease, the subject of which objection is a Successful Bidder's (other than the Stalking Horse Bidder's) proposed form of adequate assurance of future performance (each such objection, an "Adequate Assurance Objection"), shall file and serve such objection on the Objection Notice Parties and the Successful Bidder or its counsel, if known, no later than the date and time set forth in the Notice of Successful Bidder (the "Adequate Assurance Objection Deadline"). If no Adequate Assurance Objections are timely filed, or if an objecting party does not file and serve an Adequate Assurance Objection in a manner that is consistent with the requirements set forth above for Assumption and Assignment Objections, and absent a subsequent order of the Court, (i) the assumption shall be effective, notwithstanding anything to the contrary in any contract or lease or any other document, and (ii) the Contract/Lease Counterparty will be deemed to have consented to the assumption or assumption and assignment of the applicable contract or lease and will be forever barred from asserting any other claims related to such contract or lease against the Debtors or the Successful Bidder, or the property of any of them.

## F.   Sale Objection Procedures

19.    All objections to the sale of the Assets (each, a "Sale Objection"), including (a) any objection to the sale of any Assets free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code to the Stalking Horse Bidder, a Successful Bidder, and/or a Backup Bidder (as applicable) and (b) any objection to the entry of any Sale Order shall (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and

served on the following parties (the "Objection Notice Parties") so as to be *actually received* no later than the Sale Objection Deadline set forth in the timeline approved above: (a) counsel for the Debtors, Norton Rose Fulbright US LLP, 1550 Lamar Street, Suite 2000, Houston, Texas 77010, Attn: Ryan Manns, Jason Blanchard, and Maria Mokrzycka; (b) the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Ha Nguyen (Ha.Nguyen@usdoj.gov) and Vianey Garza (Vianey.Garza@usdoj.gov); (c) counsel to the collateral agent for the CLN Noteholders; (d) counsel to the Senior Secured Holders; and (e) counsel for the Committee.

20.     Any party who fails to file and serve a timely Sale Objection in accordance with the terms of this Order shall be forever barred from asserting, at the Sale Hearing or thereafter, any Sale Objection to the relief requested in the Motion, or to the consummation or performance of the sale of the Assets, including the transfer of Assets to the Successful Bidder free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, and shall be deemed to "consent" to such sale for purposes of section 363(f) of the Bankruptcy Code.

21.     The Debtors or any other party in interest may file a reply to any Sale Objection, if any, by no later than **May 16, 2026 at 5 p.m. (prevailing Central Time)**.

22.     Consummation of the sale of the Assets pursuant to a Successful Bid shall be subject to the Court's approval. The Sale Hearing to (a) approve a sale of all, substantially all, or a portion of the Assets to the Successful Bidder(s) and (b) authorize the assumption and assignment of certain executory contracts and unexpired leases shall be held before the Court on **May 17, 2026 at [●] a.m./p.m. (prevailing Central Time)**; *provided, that*, the Debtors may seek an adjournment or rescheduling of the Sale Hearing, consistent with the Bid Procedures and this Order. At the Sale Hearing, the Debtors will seek the Court's approval of the Successful Bid(s) and the Backup Bid(s) (if any). Unless the Court orders otherwise, the

Sale Hearing shall be an evidentiary hearing on matters relating to the sale transaction and there will be no further bidding at the Sale Hearing. If the Successful Bidder(s) cannot or refuses to consummate the Sale(s) because of the breach or failure on the part of such Successful Bidder, the Debtors may, in accordance with the Bid Procedures, designate the Backup Bid to be the new Successful Bid and the Backup Bidder to be the new Successful Bidder, and the Debtors shall be authorized, but not required, to consummate the applicable transaction with the Backup Bidder without further order of the Court.

**G.        Miscellaneous**

23.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

25.    Notwithstanding anything to the contrary herein or in the Bid Procedures, the Debtors may determine in their reasonable business judgment to suspend or cancel the sale process with respect to all or any portion of the Assets.

26.    The requirements set forth in Local Rules and the Complex Case Procedures are satisfied by the contents of the Motion.

27.    All persons or entities (whether or not Qualified Bidders) that participate in the bidding process shall be deemed to have knowingly and voluntarily (a) consented to the entry of a final order by the Court in connection with the Motion and (b) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters.

28.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

29.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

30.     Any M&A Transaction Fee due to Jefferies as a result of the closing of any M&A Transaction shall be segregated and escrowed (for the exclusive benefit of Jefferies) from the proceeds of such M&A Transaction (including, without limitation, from the proceeds of any liquidation or other disposition of the Debtors' assets), as an express carve-out from the collateral of the Debtors' pre- and postpetition secured lenders, prior to any other use or distribution of such proceeds. If any M&A Transaction is the result of a successful bid (including on account of any successful credit bid) without a cash component sufficient to pay the corresponding M&A Transaction Fee due to Jefferies in full, then any resulting unpaid portion of the M&A Transaction Fee due to Jefferies shall be segregated and escrowed (for the exclusive benefit of Jefferies) at the closing of such M&A Transaction from the available cash of the Debtors, as an express carve-out from the collateral of the Debtors' pre- and postpetition secured lenders; provided that if the Debtors do not have sufficient cash to pay the unpaid portion of such M&A Transaction Fee in full, or any portion thereof, then the successful bidder (including on account of any successful credit bid) shall immediately set aside from its own funds and escrow (for the exclusive benefit of Jefferies) any such amount necessary to pay Jefferies such unpaid portion of the M&A Transaction Fee in full at the closing of such M&A Transaction.  For the avoidance of doubt, nothing in this Order shall prohibit or be construed to prohibit the use of any unencumbered assets of the Debtors or the proceeds thereof to pay any fees and expenses of Jefferies or the assertion or allowance of an administrative priority claim under sections 503(b)(2) and 507(a)(2) of the Bankruptcy Code, if applicable, on account of any fees or expenses of Jefferies.

31.     Turner-Kokosing Joint Venture, a joint venture between Turner Construction Company and Kokosing Industrial Inc. ("TKJV"), RMF Nooter, Inc. ("Nooter"), Amcon

Industrial ("Amcon"), and United Electric Company, Inc. ("United"), FE Moran Inc., Fire Protection ("FE Moran" and together with TKJV, Nooter, Amcon, and United the "M&M Lienholders"), the City of Hopkinsville, Planters Bank, Inc. ("Planters"), the Hopkinsville Industrial Foundation, Inc. ("HIF" and together with the City of Hopkinsville, Planters, and HIF, the "Mortgagees") and the Debtors shall work cooperatively and in good faith through and including April 27, 2026, to resolve all issues relating to the validity, extent, priority, and amount of the M&M Lienholders' and Mortgagees' asserted liens. If the Debtors and the M&M Lienholders and Mortgagees are unable to reach a resolution by such date, the parties shall promptly seek an expedited determination from the Court with respect to such issues, on appropriate notice and pursuant to a schedule designed to avoid any disruption to the Auction or the related sale process.

32.     Nothing in this Order or the Bid Procedures shall be deemed a waiver of any rights, remedies, or defenses that the Debtors have under applicable bankruptcy and non-bankruptcy law, under any indemnity agreements, or any rights, remedies or defenses of the Debtors with respect thereto, including seeking relief from the Court with regard to the Auction, the Bid Procedures, the Sale Transaction, and any related items.

33.     Nothing in this Order shall impair or extinguish any mechanics' or materialman's lien rights arising under applicable non-bankruptcy law to the extent such rights are valid and enforceable under applicable non-bankruptcy law.

34.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT 1

*Bid Procedures*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ASCEND ELEMENTS, INC. *et al.*,[1] | ) | Case No. 26-90440 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## BID PROCEDURES

On April 9, 2026, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On [●], 2026, the Court entered the *Order (A) Approving Bid Procedures, (B) Authorizing Designation of a Stalking Horse Bidder, (C) Scheduling an Auction, Related Deadlines, and a Sale Hearing, and (D) Granting Related Relief* [Dkt. No. ●] (the "Bid Procedures Order"),[2] approving procedures ("Bid Procedures") for conducting a marketing process and auction (the "Auction") for the sale of substantially all of the Debtors' assets (collectively, the "Assets") pursuant to one or more sale transactions.

The Debtors have not designated a Stalking Horse Bidder at this time. The Debtors may, in the exercise of their business judgment and in accordance with the Bid Procedures Order and these Bid Procedures, subject to the consent of the Senior Secured Holders, later designate one or more Stalking Horse Bidders for some or all of the Assets and seek approval of any related break-up fee, expense reimbursement, and minimum overbid requirement (collectively, "Bid Protections") through a stalking horse notice process. The Debtors will make a form asset purchase agreement available to prospective bidders in the Data Room, and any bidder must submit a marked purchase agreement as part of its bid package by the Bid Deadline.

> **Copies of the Bid Procedures Order and related documents are available at www.veritaglobal.net/ascend or may be obtained by calling (866) 927-7078 in the U.S. and Canada or 1 (310) 751-2651 internationally.**

## ASSETS FOR SALE

The Debtors intend to sell all or substantially all of their Assets.  The ability to undertake and consummate a sale of the Assets shall be subject to competitive bidding, as set

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ascend Elements, Inc. (2893) and Ascend Elements US, LLC (8309).  The location of the Debtors' service address is: 133 Flanders Road, Westborough, MA 01581.

[2]   Capitalized terms used but not defined herein shall have the meanings given such terms in the Bid Procedures Order or the *Declaration of Linh Austin in Support of Chapter 11 Petitions and First Day Motions* [Dkt. No. 11] (the "First Day Declaration"), as applicable.

forth herein, and approval by the Court.  The Debtors will consider bids for the Assets from interested parties, including any stalking horse bid later designated in accordance with these Bid Procedures and in consultation with the Senior Secured Holders.

Parties may submit bids for all or some of the Debtors' business and assets, including for parts of the Debtors' business or assets (each, a "Partial Bid"), which bids may be combined with other Partial Bids or be considered independently or together with the liquidation value (as reasonably determined by the Debtors in good faith) of the Debtors' business or assets that are not the subject of other Partial Bids.  While a bidder must timely submit an asset purchase agreement, such agreement must be marked against the Form APA made available in the Data Room or, if applicable, any stalking horse agreement later designated by the Debtors.

Any party interested in submitting a bid for any of the Debtors' Assets should contact the following individuals at Jefferies LLC ("Jefferies"):

**Jefferies LLC**
Attn: Michael O'Hara (michael.ohara@jefferies.com)
Paul Shin (pshin@jefferies.com)
Ananth Shankar (ashankar@jefferies.com )
Project.Ember.Jef@jefferies.com

### Key Dates and Deadlines

| Date and Time*[3] | Event or Deadline |
|---|---|
| May 1, 2026 | **Indication of Interest Deadline**<br><br>Deadline for submitting non-binding indications of interest to proposed counsel for the Debtors for the Assets, which indications should describe the proposed consideration, including whether the bid is a credit bid, a cash bid, or other form of consideration. For the avoidance of doubt, a party that does not submit a Non-Binding Indication of Interest is not precluded from submitting a Qualified Bid. |
| May 6, 2026 | **Stalking Horse Designation Deadline**<br><br>Deadline by which the Debtors may file a stalking |

---

[3] Such dates may be extended by the Debtors with the consent of the Senior Secured Holders.  The Prepetition Secured Parties (as defined in the Interim Cash Collateral Order) qualify as a Qualified Bidder and may submit a Credit Bid any time after the Bid Deadline or during the Auction (such Credit Bid, a "Prepetition Secured Party Credit Bid", and such Credit Bid shall be a Qualified Bid unless otherwise ordered by the Court for cause; *provided, however*, that the Prepetition Secured Parties that may submit a Prepetition Secured Party Credit Bid must indicate their intention to Credit Bid and deliver the material terms of such Credit Bid no later than the Baseline Bid Deadline. For the avoidance of doubt, the Prepetition Secured Parties shall not be required to comply with the Qualified Bid Requirements set forth in paragraphs (A)(7), (A)(10), and (A)(14) of the Bidding Procedures.

| | horse notice designating any Stalking Horse Bidder and any proposed Bid Protections. |
|---|---|
| May 9, 2026 | **Assumption and Assignment Notice Deadline** Deadline by which the Debtors must file and serve the Assumption and Assignment Notice on Contract/Lease Counterparties |
| 5 Days after Service of Assumption and Assignment Deadline | **Assumption and Assignment Objection Deadline** Deadline by which parties must file any Assumption and Assignment Objection. |
| May 9, 2026 at 11:59 p.m. (prevailing Central Time) | **Bid Deadline** Deadline by which bidders must submit Qualified Bids. |
| May 11, 2026 at 12:00 p.m. (prevailing Central Time) | **Baseline Bid Deadline** Deadline by which Debtors will provide all Qualified Bidders with (a) a notice identifying which Qualified Bid is the Baseline Bid; and (b) a copy of each Qualified Bid, including any Credit Bid. |
| May 12, 2026 at 10:00 a.m. (prevailing Central Time) | **Auction (if any)** The Auction will be held either (i) at the office of Norton Rose Fulbright US LLP, 2200 Ross Ave, Suite 2000, Dallas, Texas, 75201 (or (ii) at such later date and time or other location, as selected by the Debtors in accordance with the Bid Procedures. |
| 1 Day after the conclusion of the Auction | **Notice of Successful Bidder** Deadline by which the Debtors must file and serve the Notice of Successful Bidder |
| 3 Days after the conclusion of the Auction | **Sale Objection Deadline** Deadline by which parties must file and serve any Sale Objection. |
| May 17, 2026 | **Sale Hearing** Hearing to consider approval of the Sale Transaction and related relief. |

**PUBLIC ANNOUNCEMENT OF AUCTION**

The Debtors will publish the Sale and Auction Notice,[4] with any modifications necessary for ease of publication, on one occasion in the *New York Times* (national edition),

---

[4]   The Sale and Auction Notice is attached as **Exhibit 2** to the Bid Procedures Order.

3

*Financial Times* (global edition), or *Wall Street Journal* (national edition).  The Debtors will also publish the Sale and Auction Notice on the case website: www.veritaglobal.net/ascend.

**DUE DILIGENCE**

### A.  Participation Requirements

Each person or entity that desires to participate in the Auction process (each, a "Prospective Bidder") must first deliver to Jefferies the following (the "Preliminary Bid Documents"):

- an executed confidentiality agreement, in form and substance satisfactory to the Debtors ("Confidentiality Agreement");

- a statement and other factual support demonstrating to the Debtors and their advisors, in their sole judgment, that the Prospective Bidder has a *bona fide* interest in purchasing some or all of the Assets; and

- preliminary proof of the Prospective Bidder's financial capability to close a proposed sale transaction, which may include current unaudited or verified financial statements of, or verified financial commitments obtained by, the Prospective Bidder (or, if the Prospective Bidder is an entity formed for the purpose of acquiring the Assets, the party that will bear liability for a breach by the Prospective Bidder of an asset purchase agreement or other agreement entered into in respect of the sale transaction), the adequacy of which the Debtors and their advisors will determine in their sole judgment.

Upon execution of a Confidentiality Agreement and subject to the other limitations and guidelines set forth herein, the Debtors may grant a Prospective Bidder that the Debtors identify as reasonably likely to become a Qualified Bidder (defined below) with access to the information in the Debtors' confidential electronic data room (the "Data Room") allowing such Prospective Bidder to conduct due diligence with respect to the potential acquisition of some or all of the Assets.  Access may be terminated by the Debtors in their reasonable discretion at any time for any reason whatsoever, including that a Prospective Bidder does not become a Qualified Bidder, these Bid Procedures are terminated, the Prospective Bidder breaches any obligations under its Confidentiality Agreement or the Debtors become aware that information submitted by the Prospective Bidder for requesting access to the Data Room is inaccurate or misleading.  The Debtors may restrict or limit access of a Prospective Bidder to the Data Room if the Debtors determine, based on their reasonable business judgment, that certain information in the Data Room is sensitive, proprietary, or otherwise not appropriate for disclosure to such Prospective Bidder.

If the Debtors determine that a Prospective Bidder is unlikely to qualify as a Qualified Bidder or fails to become a Qualified Bidder, then such Prospective Bidder shall have no further right to access due diligence or any other non-public information.  The Prospective Bidder shall return or destroy any non-public information the Debtors or their advisors provided to the Prospective Bidder in accordance with the terms of the Confidentiality Agreement executed by the Debtors and the Prospective Bidder.

The Debtors will try to accommodate all reasonable requests from Prospective Bidders for additional information and due diligence access.  All due diligence requests shall

4

be directed to Jefferies.

Subject to the obligations of the Debtors to the Senior Secured Holders under the Interim Cash Collateral Order, the Debtors shall not be obligated to furnish information of any kind whatsoever relating to their businesses or assets to any person or entity who (i) is not a Prospective Bidder, (ii) does not comply with the participation requirements set forth herein, or (iii) in the case of competitively sensitive information, is a competitor of the Debtors in the Debtors' reasonable business judgment.

Each Qualified Bidder shall be deemed to acknowledge and represent (i) that it has had an opportunity to (x) conduct any and all due diligence regarding the Assets prior to making a bid and (y) investigate and inspect any documents and the Assets in making its bid; (ii) that it has relied solely on its own independent review in making its bid; and (iii) that it did not rely on any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law, or otherwise regarding the Assets or the completeness of any information provided in connection therewith. The Debtors and their respective estates are not responsible for, and will have no liability with respect to, any information obtained by, or provided to, any Prospective Bidders in connection with these Bid Procedures.

Each Prospective Bidder, including any Qualified Bidder, shall comply with all reasonable requests by the Debtors or their advisors regarding such Prospective Bidder and its contemplated sale transaction.  Except with respect to any Prospective Bidder submitting a Credit Bid, the failure by a Prospective Bidder, including any Qualified Bidder, to comply with reasonable requests for information and due diligence may be a basis for the Debtors to determine, that such Prospective Bidder or Qualified Bidder may no longer participate in diligence (including access to the Data Room) or the Auction, or that a bid made by such Prospective Bidder is not a Qualified Bid.

**B.  Restrictions on Communications & Joint Bids**

There shall be no communication between or among Prospective Bidders, unless Jefferies has previously authorized such communication in writing (email being sufficient). Prospective Bidders shall not, directly or indirectly, contact, initiate or engage in discussions in respect of matters relating to the Debtors or a potential sale transaction with any customer, supplier, or other contract counterparty of the Debtors without the Debtors' prior written consent (email being sufficient).  The Debtors may, in consultation with those Senior Secured Holders that have not submitted a Credit Bid for the applicable assets and, if appointed, the Committee, approve joint Bids in their sole and reasonable business judgment on a case-by-case basis. For the avoidance of doubt, subject to prior notice to the Debtors, those Senior Secured Holders that have not submitted a Credit Bid for the applicable assets and, if appointed, the Committee shall have the right to communicate with any third-party that may submit, or has submitted, a Bid or a Non-Binding Indication of Interest for such assets.

The Debtors reserve the right, in their reasonable business judgment and in consultation with the Senior Secured Holders and, if appointed, the Committee, to disqualify any Prospective Bidders that have communications between or amongst themselves or submit a joint Bid without the Debtors' prior authorization.

Any Prospective Bidder that intends to participate in the Auction must submit a bid in writing on or before **May 9, 2026 at 11:59 p.m. (prevailing Central Time)** (the "Bid

2

Deadline"). Bids must be submitted in writing to the parties set forth below (collectively, the "Notice Parties"). Unless specifically provided otherwise, e-mail notice shall be sufficient. The Debtors may extend the Bid Deadline, in their business judgment, for all or certain Prospective Bidders.

| Notice Parties and Contact Information |
|---|
| **Counsel to the Debtors** |
| Ryan Manns (ryan.manns@nortonrosefulbright.com) Maria Mokrzycka (maria.mokrzycka@nortonrosefulbright.com) Jason I. Blanchard (jason.blanchard@nortonrosefulbright.com) <br> Norton Rose Fulbright US LLP 1550 Lamar, Suite 2000 Houston, TX 77010 |
| **Investment Banker to the Debtors** |
| Jefferies LLC <br> Ananth Shankar (ashankar@jefferies.com), Michael O'Hara (michael.ohara@jefferies.com), Paul Shin (pshin@jefferies.com) & <br> Project.Ember.Jef@jefferies.com <br> Jefferies LLC,  520 Madison Avenue <br> New York, NY 10022 |
| **Financial Advisor to the Debtors** |
| Alvarez & Marsal North America LLC <br> Adam Titus (atitus@alvarezandmarsal.com); Hallie Ross (hross@alvarezandmarsal.com) <br> 425 Market Street, 18th Floor, San Francisco, CA, USA |
| **Counsel to the Certain CLN Holders** |
| Sunny Singh (sunny.singh@weil.com) 767 Fifth Ave, New York, NY 10153; Stephanie Morrison (stephanie.morrison@weil.com) <br> Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 3700 Houston TX 77002 |
| **Financial Advisor to the Certain CLN Holders** |
| Gerard Uzzi (guzzi@uzzilall.com); Keshav Lall (klall@uzzilall.com); Chris Ucko (cucko@uzzilall.com) <br> Uzzi & Lall, 115 Broadway 5th Floor, New York, NY 10006 |

<u>**PROCESS FOR SUBMITTING AND REVIEWING BIDS**</u>

**A.**         **Qualified Bid Requirements[1]**

To qualify as a "<u>Qualified Bid</u>," a bid must be in writing and satisfy the following requirements:

1.   **<u>Identification of Bidder & Corporate Authority</u>**: A Qualified Bid must fully disclose the following: (a) the legal identity of each person or entity bidding for the Assets and/or otherwise sponsoring, financing (including through the issuance of debt in connection with such bid), or participating in (including through license or similar arrangement with respect to the Assets to be acquired in connection with such bid) the Auction in connection with such bid and the complete terms of any such participation; (b) evidence that the Prospective Bidder is legally empowered, by power of attorney or otherwise, to complete the transactions on the terms contemplated by the parties, and has obtained all necessary corporate authorizations or approvals with respect to the submission of its bid and the consummation of the transactions contemplated in such bid; and (c) any past or present connections or agreements with the Debtors, the Stalking Horse Bidder, any other known Prospective Bidder or Qualified Bidder, the Debtors' lenders, any known equity holders of the Debtors, or any officer or director of any of the foregoing (including of the Debtors' current or former officers or directors).

2.   **<u>Purchased Assets</u>**.  A Qualified Bid must identify the following:

   a.   the Assets to be purchased, including any executory contracts and unexpired leases (collectively, the "<u>Assigned Contracts and Leases</u>") that, as of the submission of such bid, the Prospective Bidder proposes to be assumed and assigned by the Debtors in connection with the proposed sale; and

   b.   the liabilities, if any, to be assumed, including any debt to be assumed.

3.   **<u>Form of Consideration</u>**:

   a.   <u>Consideration</u>.   Each Qualified Bid must include a statement confirming that the bid is based on an all-cash offer, or if a bid includes forms of consideration other than cash, the Prospective Bidder must include an analysis or description of the value of such non-cash components, including any supporting documentation, to assist the Debtors in evaluating the bid.   To the extent that consideration other than cash for the purchase of assets constituting Prepetition Collateral (as defined in the Interim Cash Collateral

---

[1] For the avoidance of doubt, nothing herein or in the Bidding Procedures Order modifies the Debtors' obligations under the Interim Cash Collateral Order.  All parties reserve all rights with respect to allocation of value at the Sale Hearing.

Order) is included in such Bid, such consideration must be acceptable to the Senior Secured Holders.

b. <u>Credit Bidding</u>. Any Prospective Bidder holding a perfected security interest in any of the Assets (a "<u>Secured Creditor</u>") may seek to credit bid all or a portion of such Prospective Bidder's claims for the collateral in which such party holds a perfected security interest (each such bid, a "<u>Credit Bid</u>" and such right, "<u>Credit Bid Right</u>") in accordance with section 363(k) of the Bankruptcy Code. A Credit Bid may be applied only with respect to those Assets in which the party submitting such Credit Bid holds a perfected security interest. If a Secured Creditor is a junior lienholder, then such Secured Creditor may submit a Credit Bid only if such bid is accompanied by cash consideration or other means acceptable to the Debtors and the senior lienholder sufficient to satisfy in full the senior lienholder's secured claim or otherwise provide for treatment satisfactory to the senior lienholder. The Prepetition Secured Parties (as defined in the Interim Cash Collateral Order) reserve and have the right to exercise the Credit Bid Right provided that such right is exercised by the Baseline Bid Deadline. If such Credit Bid Right is exercised, the Prepetition Secured Parties may participate in the Auction as a Qualified Bidder.

Notwithstanding the foregoing, the Debtors reserve all rights to object to, or otherwise dispute the validity, enforceability, priority, perfection, or amount of any claims or liens asserted in connection with any Credit Bid, and nothing herein shall be deemed to constitute an allowance or admission of such claims or liens; *provided*, that the foregoing shall not apply to the Notes (as defined in the Interim Cash Collateral Order). Subject to the foregoing reservation of rights, a Credit Bid shall be deemed a Qualified Bid.

4. **Minimum Bid for Assets**. If the Debtors designate a Stalking Horse Bidder for particular Assets, each competing bid for such Assets must have a value to the Debtors, as determined by the Debtors, in consultation with the Senior Secured Holders, that exceeds the aggregate value of (i) the purchase price under the applicable stalking horse asset purchase agreement and (ii) the amount of any approved Bid Protections. Any Overbid at the Auction, including any bid by a Stalking Horse Bidder, shall comply with the Minimum Overbid requirements set forth below.

If the value of a bid is evaluated relative to an applicable Stalking Horse Bid and includes non-cash components, the bidder should include an analysis or description of the value of any such additional non-cash components, including any supporting documentation, to assist the Debtors in better evaluating the competing bid. The Debtors reserve the right in their reasonable discretion, in consultation with the

Senior Secured Holders, to ascribe a value to any non-cash components of competing bids and any applicable Stalking Horse Bid.[2]

5.  **Proposed Asset Purchase Agreement**. A Qualified Bid must constitute an irrevocable offer and be in the form of an asset purchase agreement reflecting the terms and conditions of the bid (each, a "Proposed Asset Purchase Agreement"). A Proposed Asset Purchase Agreement shall be (a) duly authorized and executed; (b) provided in both PDF and MS-WORD format; (c) marked against the form asset purchase agreement made available to Prospective Bidders in the Data Room (the "Form APA") or, if applicable, any stalking horse agreement later designated by the Debtors, to reflect the proposed sale transaction and show any requested modifications; (d) specify the proposed purchase price for the Assets in U.S. dollars; (e) include all exhibits and schedules contemplated thereby (other than exhibits and schedules that, by their nature, must be prepared by the Debtors); and (f) identify any Assigned Contracts and Leases that, as of the submission of such bid, the Prospective Bidder proposes to be assumed and assigned by the Debtors in connection with the proposed sale transaction.

6.  **Proposed Sale Order**. A Qualified Bid must include a proposed Sale Order and a comparison marked against the Debtors' proposed form of Sale Order (which the Debtors will file before the Bid Deadline).

7.  **Financial Information.** A Qualified Bid, except for a Prepetition Secured Party Credit Bid, must include the following:

    a.  a statement that the Prospective Bidder is financially capable of consummating the sale transaction contemplated by the Prospective Bidder's Proposed Asset Purchase Agreement;

    b.  sufficient evidence, as determined by the Debtors in their reasonable discretion, in consultation with the Senior Secured Holders, to determine that the Prospective Bidder has, or will obtain, the financial wherewithal to consummate the sale transaction contemplated by the Prospective Bidder's Proposed Asset Purchase Agreement; and

    c.  Adequate Assurance Information with respect to any Assigned Contracts and Leases included or that may be included in the Prospective Bidder's bid, including the identity of any known proposed assignee of the applicable Assigned Contracts and Leases (if different from the Prospective Bidder) and contact information for such proposed assignee.

---

[2]   The Debtors reserve the right to ask any Prospective Bidder to allocate the value ascribed to a bid for any particular Asset and to inquire about any significant assumptions on which such valuations are based.

3

8.     **Bid Representatives**: Each Qualified Bid shall identify the representatives of the Bidder that are authorized to appear and act on behalf of the Bidder in connection with the proposed Transaction.

9.     **Good Faith Deposit**: Each Qualified Bid (other than any Stalking Horse Bid, if any, and any Credit Bid submitted by a Secured Creditor or its agents or designees) must be accompanied by a good faith deposit (each, a "Good Faith Deposit") in the form of cash in an amount equal to ten percent (10%) of the proposed purchase price for the Assets, to be delivered to an escrow agent selected by the Debtors (the "Escrow Agent") no later than the Bid Deadline. Good Faith Deposits shall be held in escrow and returned in accordance with these Bid Procedures. A Prospective Bidder submitting a Credit Bid will not be required to accompany its Bid with a Good Faith Deposit for the portion of the Purchase Price that is a Credit Bid, but shall be required to provide a Good Faith Deposit equal to 10% of any portion of its bid that is not a Credit Bid.

To the extent that a Qualified Bid is modified before, during, or after the Auction in any manner that increases the purchase price contemplated by such bid, the Qualified Bidder shall, promptly and no later than one business day following the increased purchase price, increase its Good Faith Deposit so that it equals 10% of the increased cash purchase price.

10.    **Adequate Assurance**. A Qualified Bid, except for a Prepetition Secured Party Credit Bid, must include evidence of the Prospective Bidder's (or any other relevant assignee's) ability to comply with section 365 of the Bankruptcy Code (to the extent applicable), including providing adequate assurance of such Prospective Bidder's (or any other relevant assignee's) ability to perform future obligations arising under any Assigned Contracts and Leases included in its bid. The Debtors may, in consultation with the Senior Secured Holders require the following information in connection with demonstrating adequate assurance of future performance: (a) information evidencing the Prospective Bidder's (or any other relevant assignee's) financial wherewithal and willingness to perform under any Assigned Contracts and Leases included in the bid, which information may include (i) a corporate organizational chart or similar disclosure identifying corporate ownership and control, (ii) financial statements, (iii) tax returns, and (iv) annual reports; and (b) the Prospective Bidder's (or any other relevant assignee's) proposed use of any leased premises or other property included in the bid (the information described in the foregoing clauses (a) and (b), the "Adequate Assurance Information").

All Adequate Assurance Information must be in a form that will permit its prompt dissemination to the applicable Contract/Lease Counterparties.

11.    **Representations and Warranties (As-Is, Where-Is)**. Each Qualified Bid must include a written acknowledgement and representation that

(a) the Prospective Bidder has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its Qualified Bid, (b) the Prospective Bidder has relied solely on its own or its advisors' independent review, investigation, and/or inspection of any documents and/or the Assets in making its Qualified Bid, (c) the Prospective Bidder did not rely on any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Assets or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Prospective Bidder's Proposed Asset Purchase Agreement, and (d) the Assets will be conveyed "as is, where is, with all faults," with limited representations and warranties, and no indemnification or guarantees.

12. **Authorization**.   A Qualified Bid must (a) include evidence of authorization and approval from the Prospective Bidder's board of directors (or comparable governing body) with respect to the submission, execution, and delivery of any bid for the Assets, participation in the Auction, and closing of the sale transaction contemplated by the Prospective Bidder's Proposed Asset Purchase Agreement; or (b) if the Prospective Bidder is an entity formed for the purpose of effecting the proposed sale transaction, a Qualified Bid must provide written evidence acceptable to the Debtors of authorization and the approval by the equity holder(s) of such Prospective Bidder.

13. **Regulatory and Third-Party Approvals**: Each bid must include (a) a description of all governmental, licensing, regulatory, or other approvals or consents required for the Prospective Bidder to consummate the sale transaction contemplated by the Prospective Bidder's Proposed Asset Purchase Agreement and (b) evidence reasonably satisfactory to the Debtors of the Prospective Bidder's ability to obtain such approvals or consents in a timely manner, including an estimated timeframe for obtaining them and a description of any material conditions or contingencies relating thereto.   A Prospective Bidder agrees that its legal counsel will coordinate in good faith with the Debtors' legal counsel and counsel to the Senior Secured Holders to discuss and explain such Prospective Bidder's regulatory analysis, strategy, and timeline for securing all such approvals as soon as reasonably practicable.

14. **Surety Bonds**: A Qualified Bid, except for a Prepetition Secured Party Credit Bid, must provide for the replacement of any existing surety bonds, deposits, guarantees or other similar instruments related to the Assets that the Bidder desires to purchase, as required by applicable law and regulations, and identify the source of such replacement.

15. **Other Requirements**.  A Qualified Bid must:

    a. state that the Prospective Bidder agrees to serve as a Backup Bidder (a "<u>Backup Bidder</u>") for the Assets (each such bid, a

"Backup Bid") if such bidder's Qualified Bid is selected at the Auction as the next highest or next best bid after the Successful Bid; *provided, however*, that this requirement shall not apply to (i) any Stalking Horse Bidder or (ii) any bidder submitting a Credit Bid;

b. state that the bid represents a binding, good-faith, and *bona fide* offer to purchase the Assets and is not subject to or conditioned on any further due diligence, and is irrevocable (i) until the selection of the Successful Bid in accordance with these Bid Procedures; or (ii) if the bid is selected as a Successful Bid or as a Backup Bid, until the Backup Bid Expiration Date;

c. state and acknowledge that the Prospective Bidder shall not be entitled to any bid protections or payment in connection with the submission of a bid for the Assets or for participating in the sale process;

d. state that the Prospective Bidder is committed to closing the sale transaction contemplated in its bid as soon as practicable;

e. expressly waive any claim or right to assert any substantial contribution administrative expense claim under section 503(b) of the Bankruptcy Code in connection with bidding for any of the Assets or for participating in the Auction or the sale process;

f. not contain any financing contingencies of any kind;

g. not contain any conditions or contingencies relating to the validity, effectiveness, or binding nature of the bid, including contingencies for due diligence and inspection;

h. state whether the Prospective Bidder intends to offer future employment to any of the Debtors' employees and, if so, to whom;

i. certify that the Prospective Bidder did not collude with any other bidders and is not otherwise a partnership, joint venture, or other entity in which more than one bidder (or any affiliates of a bidder) has a direct or indirect interest, unless consented to in writing by the Debtors;

j. include a covenant to comply with the terms of these Bid Procedures and the Bid Procedures Order;

k. consent to the jurisdiction of the Court to adjudicate any disputes and enter final orders related to the Debtors' qualification of bids, the Auction, these Bid Procedures, any written indications of interest, Preliminary Bid Documents, Qualified Bids, Proposed Asset Purchase Agreements, and any and all other agreements entered into in connection with any proposed sale transaction;

6

l.   waive any right to a jury trial in connection with any disputes related to the Debtors' qualification of bids, the Auction, these Bid Procedures, any written indications of interest, Preliminary Bid Documents, Qualified Bids, Proposed Asset Purchase Agreements, and any and all other agreements entered into in connection with any proposed sale transaction; and

m.   contain such other information as may be reasonably requested by the Debtors.

## B.  Bid Review Process

The Debtors will, in consultation with the Senior Secured Holders evaluate bids and, based on their evaluation of each bid, the Debtors may, as they deem appropriate in their reasonable business judgment and in a manner consistent with their fiduciary duties and applicable law, engage in negotiations with any Prospective Bidder for the purposes of (i) curing any deficiencies in a bid that prevents them from constituting a Qualified Bid, (ii) improving the terms of the Prospective Bidder's bid, or (iii) otherwise promoting a more competitive bidding and Auction process with the goal of maximizing the value of the Assets.

In evaluating a bid, the Debtors may take into consideration any and all factors that the Debtors deem reasonably pertinent, including (i) the amount of the proposed purchase price and proposed form of consideration; (ii) any Assets included in, or excluded from, the bid, including any Assigned Contracts and Leases to be assumed and assigned; (iii) the value to be provided to the Debtors under the bid, including the net economic effect on the Debtors' estates; (iv) any benefits to the Debtors' estates from any assumption or waiver of liabilities contemplated by the bid; (v) the structure of the proposed sale transaction and any attendant execution risk, including conditions to, timing of, and certainty of closing; termination provisions; availability of financing and general financial wherewithal to meet all commitments; and any required governmental approvals; and (vi) the impact of the proposed sale transaction on the Debtors' employees, trade creditors, landlords, and any other parties-in-interest (collectively, the "Bid Assessment Criteria").

The Debtors will evaluate timely bids and will, in consultation with the Senior Secured Holders (i) determine which bids qualify as Qualified Bids and which Qualified Bid has been selected as the Baseline Bid (defined below) and (ii) notify bidders whether they are Qualified Bidders and of the Baseline Bid as soon as commercially reasonable following the Bid Deadline.  Notwithstanding anything to the contrary herein, with respect to any Bid for any Assets, the Bid Assessment Criteria and any other consideration of such Bid shall be evaluated solely with respect to the value thereof, and the effect of such Bid on, the Debtors' bankruptcy estates.

A Qualified Bidder shall not (without the Debtors' consent), modify, amend, or withdraw its Qualified Bid, unless to increase the purchase price or otherwise improve the terms of the Qualified Bid, as determined by the Debtors in their reasonable business judgment.

## C.  Qualified Bidders

7

If the Debtors later designate a Stalking Horse Bidder in accordance with these Bid Procedures and the Bid Procedures Order, such Stalking Horse Bidder and bid shall be deemed a "Qualified Bidder" and a "Qualified Bid," respectively, subject to the terms of the applicable stalking horse notice and any order of the Court. Any other bidder that submits a Qualified Bid in accordance with these Bid Procedures will qualify as a "<u>Qualified Bidder</u>." The Debtors may in their reasonable business judgment and in a manner consistent with their fiduciary duties amend or waive the conditions precedent to qualifying as a Qualified Bidder in consultation with the Senior Secured Holders.

## D. Break-Up Fee and Expense Reimbursement

No bidder or any other party shall be entitled to any termination or "break-up" fee, expense reimbursement, or any other bidding protection in connection with the submission of a bid for the Assets or otherwise participating in the Auction or the sale process **unless and until the Debtors later designate, with the consent of the Senior Secured Holders a Stalking Horse Bidder and any related protections become effective in accordance with the Bid Procedures Order and these Bid Procedures**. Any substantial contribution claims by any Bidder are deemed waived, to the extent based solely on such Bidder's submission of a Bid hereunder.

## E. No Qualified Bid

**If the Debtors do not receive one or more Qualified Bids sufficient to warrant an Auction, the Debtors may elect not to hold an Auction and may file a notice with the Court identifying the next steps in the sale process, including any proposed Successful Bidder.**

**AUCTION**

## A. Location and Date of Auction

If the Debtors receive one Qualified Bid (including a combination of bids that, when considered together, constitute a Qualified Bid) for the Assets, or if the Debtors otherwise determine that an Auction is unnecessary, the Debtors may, in consultation with the Senior Secured Holders elect not to conduct an Auction and may seek approval of the highest or otherwise best bid at the Sale Hearing. If the Debtors receive more than one Qualified Bid for the Assets, then the Debtors will conduct an Auction for the Assets in accordance with these Bid Procedures. If the Debtors determine not to hold an Auction, the Debtors will file with the Court and cause to be published on the Debtors' chapter 11 case website, a notice containing: (a) a statement that the Auction for the Assets has been canceled; (b) the identity of the proposed Successful Bidder; and (c) the date, time, and location of the Sale Hearing.

The Auction, if required, will be conducted **May 12, 2026, at 10:00 a.m.** (prevailing Central Time), either (a) 2200 Ross Ave, Suite 2000, Dallas, Texas, 75201 (b) some other physical location to be determined by the Debtors, or (c) virtually or at such other date, time or location as designated by the Debtors in consultation with the Senior Secured Holders. If the Debtors conduct the Auction virtually, the Debtors will provide instructions to participants and other attendees on how to attend the Auction via electronic mail. The Debtors will provide notice (via electronic mail or otherwise) of any change in the date, time or location of the Auction to Qualified Bidders and will cause publication of such change to occur on the Debtors' chapter 11 case website as soon as reasonably practicable and no later than 24 hours before the Auction. If held, the Auction will be transcribed and/or video recorded.

## B. Attendees and Participants

Only Qualified Bidders are eligible to participate in the Auction, subject to other limitations as may be reasonably imposed by the Debtors, in consultation with the Senior Secured Holders in accordance with these Bid Procedures; *provided, however*, that Turner Construction Company and Kokosing Industrial Inc. ("TKJV"), RMF Nooter, Inc. ("Nooter"), Amcon Industrial ("Amcon"), United Electric Company, Inc. ("United"), FE Moran Inc., Fire Protection ("FE Moran" and together with TKJV, Nooter, Amcon, and United, the "M&M Lienholders"), the City of Hopkinsville, Planters Bank, Inc. ("Planters"), the Hopkinsville Industrial Foundation, Inc. ("HIF" and together with the City of Hopkinsville, Planters, and HIF, the "Mortgagees") may in person, or virtually, observe (but not participate in unless as a Qualified Bidder) the Auction with prior notice to the Debtor and the Consultation Parties. Qualified Bidders participating in the Auction must attend the Auction personally or through a duly authorized representative. Subject to the Auction procedures all Qualified Bidders are permitted to attend the Auction; provided that the Debtors may, in their sole discretion, in consultation with the Senior Secured Holders establish a reasonable limit on the number of representatives or professional advisors that may appear on behalf of a Qualified Bidder or otherwise attend the Auction. In addition, the professionals and/or representatives of the Senior Secured Holders shall be permitted to attend and observe the Auction.

Each Qualified Bidder participating in the Auction will be required to confirm in writing and/or on the record at the Auction that (i) it has not engaged in any collusion with respect to the Auction or the submission of any bid for any of the Assets; (ii) its Qualified Bid that gained the Qualified Bidder admission to participate in the Auction and each Qualified

9

Bid submitted by the Qualified Bidder at the Auction is a binding, good-faith, and bona fide offer to purchase the Assets identified in such bids; and (iii) it agrees to serve as a Backup Bidder if its Qualified Bid is selected at the Auction as the next highest or next best bid after the Successful Bid.

All Qualified Bidders shall (i) be deemed to have consented to the core jurisdiction of the Bankruptcy Court to enter any final order or orders, which shall be binding in all respects, to adjudicate any disputes relating to the Auction or sale process and (ii) waive any right to a jury trial in connection with any such disputes.

## C. Auction Procedures

The Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

i. **The Debtors Shall Conduct the Auction**: The Debtors, with the assistance of their advisors, shall direct and preside over the Auction. If the Debtors receive bids for one or more Asset in lieu of all of the Debtors' Assets, the Debtors may run one or more separate Auctions for one or more of the Assets. For the avoidance of doubt, if the Debtors only receive bids for all or substantially all of the Debtors' Assets, only one Auction will be conducted. Other than as expressly set forth herein, the Debtors may conduct the Auction in the manner they determine, in consultation with the Senior Secured Holders, will result in the highest or otherwise best offer for the Assets so long as such conduct is not inconsistent in any material respect with the other terms and provisions of these Bid Procedures.

ii. **Additional Procedures**: At the commencement of or during the Auction, the Debtors may announce additional or modified procedures for conducting the Auction and related rules governing the Auction, including time periods available to all Qualified Bidders to submit successive bid(s).

iii. **Baseline Bids**. Before the commencement of the Auction, the Debtors will determine, in their reasonable business judgment and in consultation with the Senior Secured Holders, the highest or otherwise best Qualified Bid submitted for the Assets (such Qualified Bid, a "Baseline Bid"). **No later than May 11, 2026 at noon (prevailing Central Time)** (the "Baseline Bid Deadline"), the Debtors will provide all Qualified Bidders with (a) a notice identifying which Qualified Bid is the Baseline Bid; and (b) a copy of each Qualified Bid, including any Credit Bid submitted in accordance with these procedures.

iv. **Minimum Overbid**: Bidding at the Auction shall commence at the amount of the Baseline Bid. Subsequent bids at the Auction (each, an "Overbid"), including any bids by a Stalking Horse Bidder, if any, must be made in minimum increments of $500,000 (the "Minimum Overbid") of additional value over the prevailing highest or otherwise best bid (the "Prevailing Highest Bid"), and each successive Overbid

10

shall exceed the then-Prevailing Highest Bid by an amount not less than the Minimum Overbid; *provided, however*, that during the Auction, the Debtors may, in their reasonable discretion, announce increases or reductions to the Minimum Overbid at any time, provided the changes are not materially inconsistent with the Bid Procedures, the Bid Procedures Order, any court order, or the Bankruptcy Code in consultation with the Senior Secured Holders and without further order from the Court. After the first round of bidding and between each subsequent round of bidding, the Debtors will announce, the Prevailing Highest Bid (*i.e.*, the bid that they believe to be the highest or otherwise best offer for the Assets) and describe the material terms thereof. Each round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a subsequent bid with full knowledge of the material terms of the Prevailing Highest Bid. For the purpose of evaluating the value of the consideration provided by additional Bids, the Debtors will consider any Bid Protections that may be payable to a Stalking Horse Bidder under the applicable stalking horse asset purchase agreement, if any. The Debtors reserve the right to announce reductions or increases in the Minimum Overbid at any time during the Auction.

v. **Announcement and Consideration of Overbids**: The Auction will include open bidding in the presence of all other Qualified Bidders. Each Qualified Bidder shall have the right to be present for all rounds of bidding and to submit additional bids and make modifications to its Proposed Asset Purchase Agreement at the Auction to improve its bid. Each Qualified Bidder will be permitted a reasonable time to respond to the Overbids at the Auction, as determined by the Debtors. The Debtors may, in their reasonable business judgment and in consultation with the Senior Secured Holders, negotiate with any and all Qualified Bidders participating in the Auction.

vi. **No Overbid-Skipping**. A Qualified Bidder that elects not to submit an Overbid in a given round shall remain eligible to participate in later rounds of the Auction unless the Debtors determine otherwise, to preserve the efficiency and integrity of the Auction.

vii. **Reservation of Rights**: The Debtors reserve the right, in their reasonable business judgment, to adjourn the Auction one or more times in consultation with the Senior Secured Holders to, among other things: (a) facilitate discussions between the Debtors and individual Qualified Bidders; (b) allow Qualified Bidders to consider how they wish to proceed; and (c) give Qualified Bidders the opportunity to provide the Debtors with additional evidence that the Qualified Bidder has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed sale transaction at the Prevailing Highest Bid amount.

11

       For the avoidance of doubt, nothing in the Auction Procedures (if an Auction is held) will prevent the Debtors from exercising their respective fiduciary duties under applicable law.

## D.  Auction Results

      i.      **Successful Bids**.  The Auction shall continue until (a) there is only one Qualified Bid for the Assets (or one or more Qualified Bids for any particular Asset or Assets) that the Debtors determine, in their reasonable business judgment, and with the consent of the Senior Secured Holders, is (or are) the highest or otherwise best Qualified Bid (or Qualified Bids) (each such Qualified Bid, a "Successful Bid" and the Qualified Bidder submitting any such Successful Bid, the "Successful Bidder"), taking into account any factors the Debtors reasonably deem relevant to the value and certainty of the Qualified Bid(s) to the Debtors' estates, including the Bid Assessment Criteria, and (b) the Debtors determine, in their reasonable business judgment, that further bidding is unlikely to result in a different Successful Bid or Successful Bids that would be reasonably acceptable to the Debtors, at which point, the Auction will be closed.

Following conclusion of the Auction and selection of a Successful Bidder, the Debtors shall present the results of the Auction at the Sale Hearing and shall seek the Court's approval to enter into a binding purchase agreement with the Successful Bidder on the terms of the Successful Bid (the order approving such entry, the "Sale Order"). Each Successful Bidder and the Debtors shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments, or other documents **evidencing and containing the terms upon which each such Successful Bid was made.**

      ii.      **Backup Bids**.  If an Auction is conducted, then the Qualified Bidder(s) with the next highest or otherwise best bid to the Successful Bid(s) at the Auction for the applicable Assets, as determined by the Debtors, in the exercise of their reasonable business judgment, with the consent of the Senior Secured Holders will be designated as a Backup Bidder and their bid as the Backup Bid. The identity of the Backup Bidder(s) and the amount and material terms of the Backup Bid(s) shall be announced by the Debtors at the same time the Debtors announce the identity of the Successful Bidder(s).

A Backup Bid will remain binding on the applicable Backup Bidder until the earlier of (a) the first business day after the closing of the sale transaction with the Successful Bidder for the Assets and (b) 30 days after the Sale Hearing (such date, the "Backup Bid Expiration Date"). If the sale transaction with the Successful Bidder is terminated before the Backup Bid Expiration Date, then the Backup Bidder shall be deemed the new Successful Bidder for the Assets and **shall be obligated to** consummate the Backup Bid as if it were the Successful Bid at the Auction; *provided* that the Debtors may, in their reasonable

business judgment, elect not to pursue the sale transaction contemplated by the Backup Bid.

iii.  **Notice of Successful Bidder.** Promptly after the conclusion of the Auction (if any), and in any event by the deadline set forth in the Bid Procedures Order, the Debtors will file with the Court, serve on the parties that received notice of the Motion and each Contract/Lease Counterparty that received the Assumption and Assignment Notice or any Supplemental Assumption and Assignment Notice, and cause to be published on the Debtors' Case Website, the Notice of Successful Bidder, which will (a) identify each Successful Bidder and Backup Bidder; (b) include a copy of each Successful Bid and Backup Bid or a summary of the material terms of such bids, or provide instructions for accessing each Successful Bid and Backup Bid free of charge from the Debtors' Case Website; and (c) set forth the Adequate Assurance Objection Deadline, the date, time, and location of the Sale Hearing, and any other relevant dates or other information necessary to reasonably apprise parties in interest of the outcome of the Auction.

## SALE HEARING AND OBJECTION DEADLINES

### A. Sale Hearing

A hearing to consider the approval of the Successful Bid and the Backup Bid is currently scheduled to take place on or before **May 17, 2026** (the "Sale Hearing"), or as soon as reasonably practicable thereafter, before the Honorable Christopher M. Lopez, at the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Courtroom 402, Houston, Texas 77002.

At the Sale Hearing, the Debtors will request certain findings from the Court, including that: (a) the Auction was conducted (if held) and each Successful Bidder was selected, in each case in accordance with the Bid Procedures; (b) the Auction (if held) was fair in substance and procedure; (c) the Successful Bid(s) and Backup Bid(s) were Qualified Bids as defined in the Bid Procedures; and (d) consummation of any sale transaction as contemplated by the Successful Bid(s) will provide the highest or otherwise best offer for the Assets and is in the best interests of the Debtors and their estates. **The Sale Hearing may be continued to a later date by the Debtors, in consultation with the Senior Secured Holders, by sending notice to creditors or other parties in interest prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required to be provided to any party (including the Stalking Horse Bidder).** The Debtors' presentation of the Successful Bid(s) to the Court will not constitute the Debtors' acceptance of such Bid(s), which acceptance will only occur upon approval of such Bid(s) by the Court.

### B. Sale Objection Deadlines

All objections to a sale of the Assets, including (i) any objection to a sale of the Assets free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and other interests pursuant to section 363(f) of the Bankruptcy Code and (ii) entry of the Sale Order (each such objection, a "Sale Objection") shall, by no later than the date and time set forth for the Sale Objection Deadline in the Key Dates and Deadlines table above

13

(the "Sale Objection Deadline"), be filed with the Court and served on: (i) counsel for the Debtors, Norton Rose Fulbright US LLP, 1550 Lamar Street, Suite 2000, Houston, Texas 77010, Attn: Ryan Manns, Jason Blanchard, and Maria Mokrzycka; (ii) the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Ha Nguyen (Ha.Nguyen@usdoj.gov) and Vianey Garza (Vianey.Garza@usdoj.gov); (iii) counsel to the Certain CLN Holders: Attn: Sunny Singh, 767 Fifth Ave., New York, NY 10153 and Stephanie N. Morrison, 700 Louisiana Street, Suite 3700, Houston, TX 77002; and (iv) proposed counsel for the Committee, if appointed (collectively, the "Objection Notice Parties").

Any Sale Objection must: (a) be in writing; (b) state with particularity the legal and factual basis for the objection; and (c) comply with the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and all orders of the Court.

## RETURN OF GOOD FAITH DEPOSITS

### A.        Prospective Bidders

Within five business days after the Debtors make final determinations as to which Prospective Bidders qualify as Qualified Bidders, the Escrow Agent shall return to each Prospective Bidder that did not qualify as a Qualified Bidder, as confirmed by the Debtors, such Prospective Bidder's Good Faith Deposit. Upon the authorized return of a Prospective Bidder's Good Faith Deposit in accordance with these Bid Procedures the bid of such Prospective Bidder shall be deemed terminated and no longer binding against the Prospective Bidder.

### B.        Qualified Bidders

i.  **Forfeiture of Good Faith Deposit.** The Good Faith Deposit of a Qualified Bidder shall be forfeited if the Qualified Bidder attempts to withdraw its Qualified Bid, except as may be permitted by these Bid Procedures, during the time the Qualified Bid remains binding and irrevocable under these Bid Procedures. The Debtors and their estates shall be entitled to retain the Qualified Bidder's Good Faith Deposit as partial compensation for the damages caused to the Debtors and their estates as a result of the Qualified Bidder's failure to adhere to the terms of these Bid Procedures and/or the relevant Qualified Bid. If a Qualified Bidder's Good Faith Deposit is deemed forfeited, the Escrow Agent shall release such Good Faith Deposit by wire transfer of immediately available funds to an account designated by the Debtors within two business days after the Escrow Agent receives written notice by an authorized officer of the Debtors stating that the applicable Qualified Bidder has breached or otherwise failed to satisfy its obligations in accordance with these Bid Procedures and the applicable Qualified Bid.

ii. **Return of Good Faith Deposit.** With the exception of the Good Faith Deposits of the Successful Bidder and the Backup Bidder, the Escrow Agent shall return to any other Qualified Bidder the Qualified Bidder's Good Faith Deposit, within 10 business days after the conclusion of the Auction.

14

iii. **Backup Bidder.** Unless the Backup Bidder becomes the Successful Bidder, the Escrow Agent shall return the Backup Bidder's Good Faith Deposit, within 10 business days after the occurrence of the applicable Backup Bid Expiration Date; *provided*, *however*, that if the Backup Bidder becomes the Successful Bidder, its Good Faith Deposit shall be forfeited if it fails to consummate the sale transaction because of a breach that entitles the Debtors to terminate the applicable asset purchase agreement with such Backup Bidder, and the Debtors and their estates shall be entitled to retain the Backup Bidder's Good Faith Deposit as partial compensation for the damages caused to the Debtors and their estates as a result of such breach. If a Backup Bidder's Good Faith Deposit is deemed forfeited, the Escrow Agent shall release such Good Faith Deposit by wire transfer of immediately available funds to an account designated by the Debtors within two business days after the Escrow Agent receives written notice by an authorized officer of the Debtors stating that the applicable Backup Bidder has breached or otherwise failed to satisfy its obligations in accordance with these Bid Procedures and the applicable Backup Bid.

iv. **Successful Bidder.** At the closing of the sale transaction, the Successful Bidder shall be entitled to a credit against the purchase price in the amount of the Successful Bidder's Good Faith Deposit. The Good Faith Deposit of a Successful Bidder shall be forfeited if a Successful Bidder (including any Backup Bidder) either: (i) fails to consummate the relevant Transaction on or before the closing date specified in the relevant Final Purchase Agreement, (ii) breaches the Final Purchase Agreement, or (iii) otherwise fails to perform, the Debtors shall, without further order of the Court, deem such Successful Bidder to be a "*Defaulting Buyer.*" The Debtors shall be entitled to (i) retain the Good Faith Deposit as part of their damages resulting from the breach or failure to perform by any Defaulting Buyer and (ii) seek all available damages from such Defaulting Buyer occurring as a result of such Defaulting Buyer's failure to perform as may be provided for pursuant to the Final Purchase Agreement and the relevant Sale Order. If a Successful Bidder's Good Faith Deposit is deemed forfeited, the Escrow Agent shall release such Good Faith Deposit by wire transfer of immediately available funds to an account designated by the Debtors within two business days after the Escrow Agent receives written notice by an authorized officer of the Debtors stating that the Successful Bidder has breached or otherwise failed to satisfy its obligations in accordance with these Bid Procedures and the Successful Bid.

## RESERVATION OF RIGHTS OF THE DEBTORS AND MODIFICATIONS

Except as otherwise provided in any final purchase agreement, the Bid Procedures, the Bid Procedures Order, any other order of the Court, or the Bankruptcy Code, the Debtors reserve the right to modify these Bid Procedures in their reasonable business judgment with the consent of the Senior Secured Holders and consistent with their fiduciary duties, in any manner that will best promote the goals of the bidding process, or impose, at or before the

15

Auction, additional terms and conditions on the sale of the Assets, including: (a) extending the deadlines in the Bid Procedures; (b) adjourning the Auction; (c) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction; (d) canceling the Auction; (e) rejecting any or all bids or Qualified Bids; and (f) adjusting the applicable Minimum Overbid.

### CONSENT AND CONSULTATION PARTIES

Throughout the bidding process, the Debtors and their advisors will regularly and timely consult with (i) Weil, Gotshal & Manges LLP ("Weil") and Uzzi & Lall ("Uzzi & Lall"), as advisors to the Certain CLN Holders, (ii) Goodwin Proctor LLP ("Goodwin"), as counsel to Fifth Wall (together with the Certain CLN Holders, the "Senior Secured Holders"), and (iii) the Committee and its advisors. The Committee shall have the same consultation rights afforded to the Senior Secured Holders under these Bid Procedures and the Bid Procedures Order, but shall not have any consent rights.

The Debtors shall promptly provide copies of all Bids (as defined below) and Non-Binding Indications of Interest received by the Debtors to the Senior Secured Holders and, if appointed, the Committee, but in no event later than 24-hours after such Bid or Non-Binding Indications of Interest is received; provided, that, the Senior Secured Holders and the Committee must treat such Bids or Non-Binding Indications of Interest and any related information as confidential and shall not publicly disclose such information without the written consent of the Debtors and the applicable Bidder; *provided further* that prior to distribution of such information, the Debtors may confirm (including through email from counsel) whether the Senior Secured Holders currently intend to submit or participate in a Bid, including any Credit Bid, for the Debtors' assets. In addition, the Debtors and their advisors shall have regular calls with the Senior Secured Holders to provide an update on the status of the marketing process, including with respect to discussions with Prospective Bidders and the status of any potential Bids.  For the avoidance of doubt, any rights that the Senior Secured Holders may have pursuant to the terms of other agreements, any orders of the Court, or the Bankruptcy Code are hereby reserved and shall not be affected by these Bidding Procedures or the Bidding Procedures Order. All rights of the Senior Secured Holders with respect to the proposed Sale Transactions are fully reserved. The Committee's rights under these Bid Procedures and the Bid Procedures Order are likewise reserved. Subject to prior notice to the Debtors, the Senior Secured Holders and, if appointed, the Committee shall have the right to communicate with any third party that may submit, or has submitted, a Bid or a Non-Binding Indication of Interest.

Notwithstanding anything to the contrary herein, in the event that a Senior Secured Holder or an affiliate of the foregoing submits a Credit Bid by the Baseline Bid Deadline or a Bid that is a Qualified Bid by the Bid Deadline, or sponsors, or joins in a Non-Binding Indication of Interest for any of the  Assets, such party shall no longer be a "consenting" or "consultation party" with respect to the bidding and auction process relating to the assets subject to such Bid unless and until such party has withdrawn any such indication or bid and ceased pursuing a transaction. From and after the submission of any such Non-Binding Indication of Interest or Bid, the Debtors shall have no obligation to provide such party or its affiliates with copies of other Bids or Non-Binding Indications of Interest or to consult with such party or its affiliates regarding the bidding and auction process with respect to the assets subject to such Bid until such time as such party withdraws such Bid; provided, that, the bidding party will have the same rights as any other Prospective Bidder or Qualified Bidder, as applicable, set forth in these Bid Procedures.

16

**FIDUCIARY OUT AND CONSULTATION BY THE DEBTORS**

Nothing in these Bid Procedures or the Bid Procedures Order shall require the Debtors or the board of directors, board of managers, or similar governing bodies, or the special committee of any board of any Debtor, to take any action or to refrain from taking any action related to any sale transaction or with respect to these Bid Procedures, to the extent such Debtor, board of director, board of managers, or such similar governing body reasonably determines in good faith, in consultation with counsel, that taking or failing to take such action would be inconsistent with applicable law or its fiduciary obligations under applicable law.

**EXHIBIT 2**

Form of Sale and Auction Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ASCEND ELEMENTS, INC. *et al.*,[1] | ) Case No. 26-90440 (CML) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF AUCTION FOR THE SALE OF THE DEBTORS' ASSETS FREE**
**AND CLEAR OF ANY AND ALL CLAIMS, INTERESTS AND ENCUMBRANCES**

      **PLEASE TAKE NOTICE** that on [__] [●], 2026, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered the *Order (A) Approving Bid Procedures, (B) Authorizing Designation of a Stalking Horse Bidder, (C) Scheduling an Auction, Related Deadlines, and a Sale Hearing, and (D) Granting Related Relief* [Docket No. [●]] (the "Bid Procedures Order"),[2] authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to conduct a marketing and sale process, potentially including an auction (the "Auction"), to sell the Assets. The sale process and Auction, if any, will be governed by the Bid Procedures approved pursuant to the Bid Procedures Order and attached to the Bid Procedures Order as **Exhibit 1** (the "Bid Procedures"). ***All interested bidders should carefully read the Bid Procedures and the Bid Procedures Order***. To the extent that there are any inconsistencies between this notice and the Bid Procedures or the Bid Procedures Order, the Bid Procedures or the Bid Procedures Order, as applicable, shall govern in all respects.

> **Copies of the Bid Procedures Order and other related documents are available by visiting the Debtors' restructuring website at www.veritaglobal.net/ascend.**

      **PLEASE TAKE FURTHER NOTICE** that any person or entity who wishes to participate in the Auction must comply with the participation requirements, bid requirements, and other requirements set forth in the Bid Procedures. The Bid Deadline is **May 9, 2026 at 11:59 p.m. (prevailing Central Time)**. The Auction will be held on **May [__], 2026 at [●] a.m./p.m. (prevailing Central Time)**, or such other time and place as the Debtors determine. If the Auction is cancelled pursuant to the Bid Procedures, the Debtors will file a notice of cancellation of the Auction with the Court.

      **PLEASE TAKE FURTHER NOTICE** that the Debtors expect to seek approval of the sale of the Assets at the Sale Hearing, which is presently scheduled to commence on **May [__], 2026 at [●] a.m./p.m. (prevailing Central Time)**, before United States Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ascend Elements, Inc. (2893) and Ascend Elements US, LLC (8309). The location of the Debtors' service address is: 133 Flanders Road, Westborough, MA 01581.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Order or the Bid Procedures as applicable.

Judge, Christopher M. Lopez in Courtroom 402 of the United States Bankruptcy Court, 515 Rusk Street, Houston, Texas 77002.

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve the right in their reasonable business judgment to modify the Bid Procedures in accordance with the Bid Procedures and/or terminate discussions with any potential bidders.

**PLEASE TAKE FURTHER NOTICE** any objections to the proposed sale of the Debtors' assets, including (a) any objection to a sale of the Assets free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and other interests pursuant to section 363(f) of the Bankruptcy Code and (b) entry of any Sale Order, _must_: (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (iii) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served on the Objection Notice Parties so as to be _actually received_ no later than the date and time identified as the Sale Objection Deadline in the Bid Procedures Order and the Bid Procedures (the "Sale Objection Deadline"). The "Objection Notice Parties" are: (a) counsel for the Debtors, Norton Rose Fulbright US LLP, 1550 Lamar Street, Suite 2000, Houston, Texas 77010, Attn: Ryan Manns, Jason Blanchard, and Maria Mokrzycka; (b) the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Ha Nguyen (Ha.Nguyen@usdoj.gov) and Vianey Garza (Vianey.Garza@usdoj.gov); (c) counsel to the collateral agent for the CLN Noteholders; (d) counsel to the Senior Secured Holders; and (e) counsel for the official committee of unsecured creditors.

| |
|---|
| **Consequences of Failing to Timely Make an Objection** Any party or entity who fails to timely object by the Sale Objection Deadline _shall be forever barred_ **from asserting any objection to the sale of the Debtors' assets free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and other** interests. |

| |
|---|
| **No Successor Liability** The Sale Order is expected to provide, among other things, that the Successful Bidder will not be deemed a successor **to the Debtors or their estates** and will not have responsibility for any successor or transferee liability under applicable federal, state, or local law, **except for** liabilities expressly assumed under the applicable purchase agreement and Sale Order**.** |

2

Dated:   April [●], 2026                         Respectfully submitted,

                                                 **NORTON ROSE FULBRIGHT US LLP**

                                                 By: */s/ Draft*_____
                                                 Ryan Manns (SBT 24041391)
                                                 Maria Mokrzycka (SBT 24119994)
                                                 1550 Lamar, Suite 2000
                                                 Houston, TX 77010
                                                 Tel: (713) 651-5151
                                                 Email: ryan.manns@nortonrosefulbright.com
                                                 Email: maria.mokrzycka@nortonrosefulbright.com

                                                 and

                                                 Jason I. Blanchard (SBT 24130197)
                                                 Michael Berthiaume (SBT 24066039)
                                                 2200 Ross Avenue, Suite 3600
                                                 Dallas, TX 75201
                                                 Tel: (214) 855-8210
                                                 Email:     jason.blanchard@nortonrosefulbright.com
                                                 Email: michael.berthiaume@nortonrosefulbright.com

                                                 *Proposed Counsel to the Debtors and Debtors in Possession*

3

## EXHIBIT 3

*Form of Assumption and Assignment Notice*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ASCEND ELEMENTS, INC. *et al.*,[1] | ) Case No. 26-90440 (CML) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

> **You are receiving this notice because you or one of your affiliates is a counterparty to an executory contract or unexpired lease with one or more of the Debtors as set forth on Schedule 1 attached hereto.**

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

On [__] [●], 2026, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered the *Order (A) Approving Bid Procedures, (B) Authorizing Designation of a Stalking Horse Bidder, (C) Scheduling an Auction, Related Deadlines, and a Sale Hearing, and (D) Granting Related Relief* [Docket No. [●]] (the "Bid Procedures Order"),[2] by which the Court approved procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the sale of substantially all of the Debtors' assets (the "Sale").

**POTENTIAL ASSUMPTION AND ASSIGNMENT AND CURE COSTS**

In accordance with the Bid Procedures Order and the Assumption and Assignment Procedures approved therein, the Debtors may, in connection with the sale of their assets, seek to assume and assign to the Successful Bidder certain executory contracts and unexpired leases. Each executory contract and unexpired lease that potentially could be assumed and assigned in connection with the Sale, together with the Debtors' calculation of Cure Costs with respect thereto, is set forth on Schedule 1 hereto. The inclusion of any contract or lease on Schedule 1 does not constitute an admission by the Debtors, any Stalking Horse Bidder, any Successful Bidder, or any other party that such contract or lease is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code or require or guarantee that such contract or lease ultimately will be assumed or assigned. All rights of the Debtors with respect thereto are reserved.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ascend Elements, Inc. (2893) and Ascend Elements US, LLC (8309).  The location of the Debtors' service address is: 133 Flanders Road, Westborough, MA 01581.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Order or the Bidding Procedures as applicable.

In addition, to the extent that any of the Cure Costs set forth on **Schedule** 1 do not reflect (i) postpetition payments that have been made by the Debtors in respect of applicable Cure Costs or (ii) any payments that are made by the Debtors in respect of such Cure Costs after the filing of this Notice, the respective amounts required to be paid to cure any existing defaults under the applicable contracts or leases shall be reduced by any such corresponding postpetition payments, and the Debtors reserve their rights to update the Cure Costs set forth on Schedule 1 accordingly, either by filing a supplemental notice with the Court or by written notice to the applicable Contract/Lease Counterparty.

### ASSUMPTION AND ASSIGNMENT OBJECTIONS

Any Contract/Lease Counterparty that wishes to object to the Debtors' proposed Cure Costs or the proposed assumption and assignment on any basis (each such objection, an "Assumption and Assignment Objection") must file with the Court and serve on the Objection Notice Parties (set forth below) its Assumption and Assignment Objection by no later than the date and time identified as the Assumption and Assignment Objection Deadline in the Bid Procedures Order and the Bid Procedures, which objection must be in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof.

**IF A CONTRACT/LEASE COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION NOTICE PARTIES A TIMELY ASSUMPTION AND ASSIGNMENT OBJECTION, THE CONTRACT/LEASE COUNTERPARTY SHALL BE (i) DEEMED TO HAVE CONSENTED TO THE ASSUMPTION BY THE DEBTORS AND ASSIGNMENT TO THE SUCCESSFUL BIDDER OF THE APPLICABLE CONTRACT OR LEASE AND (ii) FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO THE ASSUMPTION AND ASSIGNMENT OF THE APPLICABLE CONTRACT OR LEASE OR THE COST TO CURE ANY DEFAULTS UNDER THE APPLICABLE CONTRACT OR LEASE, AND THE CURE COSTS SET FORTH ON SCHEDULE 1 HERETO SHALL BE CONTROLLING AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING DEFAULTS UNDER THE APPLICABLE CONTRACT OR LEASE AND SATISFY THE REQUIREMENTS OF SECTION 365(b) OF THE BANKRUPTCY CODE, AND THE CONTRACT/LEASE COUNTERPARTY TO THE APPLICABLE CONTRACT OR LEASE SHALL BE DEEMED BOUND BY AND TO HAVE CONSENTED TO THE CURE COSTS.**

### NOTICE OF SUCCESSFUL BIDDER

The Auction, if required, will be conducted on **May [__], 2026 at [●] a.m./p.m. (prevailing Central Time)**. Promptly after the conclusion of the Auction (if any), and in any event by the deadline set forth in the Bid Procedures Order, the Debtors will file with the Court, serve on the parties that received notice of the Motion and each Contract/Lease Counterparty that received this Notice or any Supplemental Assumption and Assignment Notice, and cause to be published on their chapter 11 case website, located at www.veritaglobal.net/ascend (the "Case Website"), the Notice of Successful Bidder, which will, among other things, (i) identify the Successful Bidder(s) and Backup Bidder(s); (ii) either include a copy of each Successful Bid and each Backup Bid or a summary of the material terms of such bids, or provide instructions for accessing each Successful Bid and each Backup Bid free of charge from the Case Website; and (iii) set forth the date, time, and location of the hearing to approve the sale (the "Sale Hearing"), the Adequate Assurance

Objection Deadline, and any other relevant dates or other information necessary to reasonably apprise all parties in interest of the outcome of the Auction.

## ADEQUATE ASSURANCE OBJECTIONS

Any Contract/Lease Counterparty that wishes to object to the proposed assumption and assignment of an executory contract or unexpired lease, the subject of which objection is the Successful Bidder's (or any other relevant assignee's, but not the Stalking Horse Bidder's) proposed form of adequate assurance of future performance with respect to such contract or lease (each such objection, an "Adequate Assurance Objection"), must file with the Court and serve on the Objection Notice Parties and the Successful Bidder or its counsel, if known, an Adequate Assurance Objection, which must state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof, no later than the date and time set forth in the Notice of Successful Bidder (the "Adequate Assurance Objection Deadline").

**IF A COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION NOTICE PARTIES A TIMELY ADEQUATE ASSURANCE OBJECTION, THE COUNTERPARTY SHALL FOREVER BE BARRED FROM ASSERTING ANY OBJECTION TO THE ASSUMPTION AND/OR ASSIGNMENT OF THE APPLICABLE CONTRACT OR LEASE WITH REGARD TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE. THE APPLICABLE SUCCESSFUL BIDDER SHALL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE WITH RESPECT TO THE APPLICABLE CONTRACT OR LEASE IN ACCORDANCE WITH BANKRUPTCY CODE SECTIONS 365(b)(1)(C), 365(f)(2)(B), AND, IF APPLICABLE, 365(b)(3), NOTWITHSTANDING ANYTHING TO THE CONTRARY IN SUCH CONTRACT OR LEASE OR ANY OTHER DOCUMENT**.

## OBJECTION NOTICE PARTIES

Any Assumption and Assignment Objection, Supplemental Assumption and Assignment Objection, or Adequate Assurance Objection must be served on the following parties (the "Objection Notice Parties"): (a) counsel for the Debtors, Norton Rose Fulbright US LLP, 1550 Lamar Street, Suite 2000, Houston, Texas 77010, Attn: Ryan Manns, Jason Blanchard, and Maria Mokrzycka; (b) the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Ha Nguyen (Ha.Nguyen@usdoj.gov) and Vianey Garza (Vianey.Garza@usdoj.gov); (c) counsel to the collateral agent for the CLN Noteholders; (d) counsel to the Senior Secured Holders; and (e) proposed counsel to the Committee. With respect to any Adequate Assurance Objection after service of the Notice of Successful Bidder, such objection also must be served on the Successful Bidder or its counsel, if known.

## SALE HEARING

**Sale Hearing** The Sale Hearing shall take place on **May [___], 2026 at [●] a.m./p.m. (prevailing Central Time)**, before the Honorable Christopher M. Lopez, United States Bankruptcy Judge, in Courtroom 402 of the United States Bankruptcy Court, 515 Rusk Street, Houston, Texas 77002. Any Assumption and Assignment Objection, Supplemental Assumption and Assignment Objection, or Adequate Assurance Objection in connection with the Successful Bid that otherwise complies with these procedures but remains unresolved as

3

of the commencement of the Sale Hearing may be heard at a later date to be fixed by the Court.

### ADDITIONAL INFORMATION

Copies of the Motion, the Bid Procedures Order and the Bid Procedures may be obtained free of charge by visiting the Case Website, www.veritaglobal.net/ascend .

Dated:   April [●], 2026                    Respectfully submitted,

                                            **NORTON ROSE FULBRIGHT US LLP**

                                            By: */s/ Draft*_____
                                            Ryan Manns (SBT 24041391)
                                            Maria Mokrzycka (SBT 24119994)
                                            1550 Lamar, Suite 2000
                                            Houston, TX 77010
                                            Tel: (713) 651-5151
                                            Email: ryan.manns@nortonrosefulbright.com
                                            Email: maria.mokrzycka@nortonrosefulbright.com

                                            and

                                            Jason I. Blanchard (SBT 24130197)
                                            Michael Berthiaume (SBT 24066039)
                                            2200 Ross Avenue, Suite 3600
                                            Dallas, TX 75201
                                            Tel: (214) 855-8210
                                            Email:      jason.blanchard@nortonrosefulbright.com
                                            Email: michael.berthiaume@nortonrosefulbright.com

                                            *Proposed Counsel to the Debtors and Debtors in Possession*

**EXHIBIT 4**

*Form of Notice of Successful Bidder*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ASCEND ELEMENTS, INC. *et al.*,[1] | ) | Case No. 26-90440 (CML) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**NOTICE OF SUCCESSFUL BIDDER**

PLEASE TAKE NOTICE that, on April 9, 2026, each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced filing petitions with this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

PLEASE TAKE FURTHER NOTICE that, on [__] [●], 2026, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered the *Order (A) Approving Bid Procedures, (B) Authorizing Designation of a Stalking Horse Bidder, (C) Scheduling an Auction, Related Deadlines, and a Sale Hearing, and (D) Granting Related Relief* [Docket No. [●]] (the "Bid Procedures Order"), authorizing the Debtors to solicit and select the highest or otherwise best offer(s) for a Sale Transaction of (a) all or substantially all of the assets or (b) one or more, or any combination of, assets of one or more Debtors (collectively, the "Assets").[2]

PLEASE TAKE FURTHER NOTICE that, on [__], 2026, at [__] a.m. (prevailing Central Time), pursuant to the Bid Procedures Order, the Debtors conducted the Auction with respect to the Assets by videoconference or such other form of remote communication established by the Debtors.

PLEASE TAKE FURTHER NOTICE that, upon the conclusion of the Auction, the Debtors, in the exercise of their reasonable, good-faith business judgment, have selected (a) [●] as the Successful Bidder, and (b) [●] as the Backup Bidder.

PLEASE TAKE FURTHER NOTICE that the Debtors (collectively, the "Sellers") and [●], as the Successful Bidder, entered into that certain purchase and sale agreement (the "Purchase Agreement") to effectuate the Sale Transaction on the terms set forth in the Purchase Agreement, filed contemporaneously herewith.

PLEASE TAKE FURTHER NOTICE that the Debtors have determined to effectuate the Sale Transaction.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ascend Elements, Inc. (2893) and Ascend Elements US, LLC (8309). The location of the Debtors' service address is: 133 Flanders Road, Westborough, MA 01581.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Bid Procedures Order.

2

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek approval of the Sale Transaction of these Assets to the Successful Bidder at the Sale Hearing scheduled to commence on **May [__], 2026 at [●] a.m./p.m. (prevailing Central Time)** before the Honorable Christopher M. Lopez, United States Bankruptcy Judge, in Courtroom 402 of the United States Bankruptcy Court, 515 Rusk Street, Houston, Texas 77002. The Sale Hearing may be adjourned by announcement in open Court or on the Court's calendar without any further notice required.

**PLEASE TAKE FURTHER NOTICE** that any Contract/Lease Counterparty that received an Assumption and Assignment Notice or a Supplemental Assumption and Assignment Notice and wishes to object solely to the Successful Bidder's proposed form of adequate assurance of future performance with respect to an executory contract or unexpired lease must file with the Court and serve on the Objection Notice Parties and the Successful Bidder or its counsel, if known, an Adequate Assurance Objection by **[__], 2026 at [__] p.m. (prevailing Central Time)** (the "Adequate Assurance Objection Deadline"). Any Adequate Assurance Objection must be in writing, state with specificity the legal and factual bases thereof, and include any appropriate documentation in support thereof.

**PLEASE TAKE FURTHER NOTICE** that at the Sale Hearing, the Debtors will seek the Court's approval of the Successful Bid by the Successful Bidder. Unless the Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on matters relating to the Sale Transaction, and there will be no further bidding at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that this Notice of Successful Bidder is subject to the terms and conditions of the Motion and the Bid Procedures Order, with such Bid Procedures Order controlling in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety.

**PLEASE TAKE FURTHER NOTICE** that copies of the Bid Procedures, the Bid Procedures Order, this notice, and any other related documents are available: (a) upon request to Verita Global by telephone at (866) 927-7078 in the U.S. and Canada or 1 (310) 751-2651 internationally; (b) for a fee via PACER by visiting https://ecf.txsb.uscourts.gov; or (c) by visiting the Debtors' restructuring case website at www.veritaglobal.net/ascend.

Dated:   April [●], 2026

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: */s/ Draft*  
Ryan Manns (SBT 24041391)  
Maria Mokrzycka (SBT 24119994)  
1550 Lamar, Suite 2000  
Houston, TX 77010  
Tel: (713) 651-5151  
Email: ryan.manns@nortonrosefulbright.com  
Email: maria.mokrzycka@nortonrosefulbright.com

and

Jason I. Blanchard (SBT 24130197)  
Michael Berthiaume (SBT 24066039)  
2200 Ross Avenue, Suite 3600  
Dallas, TX 75201  
Tel: (214) 855-8210  
Email:     jason.blanchard@nortonrosefulbright.com  
Email: michael.berthiaume@nortonrosefulbright.com

*Proposed Counsel to the Debtors and Debtors in Possession*

4