**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| ASCEND ELEMENTS, INC., *et al.*,[1] | Case No. 26-90440 (CML) |
| Debtors. | (Jointly Administered |

**PRELIMINARY OBJECTION OF WORCESTER POLYTECHNIC INSTITUTE**
**TO ASSIGNMENT OF LICENSES**

Worcester Polytechnic Institute ("WPI"), by and through its undersigned counsel, hereby

submits its preliminary objection to the assumption and assignment of the WPI Licenses (as

defined below).  Since the sale process is ongoing and the ultimate purchaser (or purchasers) has

not yet been determined, WPI reserves the right to supplement this objection as additional

information is disclosed in the sale process or through discovery.  In support of this preliminary

objection, WPI respectfully states as follows:

**BACKGROUND**

1.      The debtors in these cases, Ascend Elements, Inc. ("Ascend DE") and Ascend

Elements US, LLC ("Ascend TX" with Ascend DE, the "Debtors"), directly and through their

subsidiaries, are engaged in the development of battery recycling facilities – including one in

Kentucky (the "Kentucky Facility").

2.      WPI is a counterparty to four *Exclusive License Agreements* with a subsidiary of

Debtor Ascend DE (collectively, the "WPI Licenses").  The WPI Licenses concern patents that

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal
tax identification number, are: Ascend Elements, Inc. (2893) and Ascend Elements US, LLC
(8309). The location of the Debtors' service address is: 133 Flanders Road, Westborough,
MA 01581.

60115933.4

are the foundational technology for the battery recycling activities to be conducted at the Kentucky Facility. The WPI Licenses have long durations; their terms expire upon the expiration of all the subject patents under the license or on January 1, 2036 if no such patents have issued before that date; however, such patents have in fact issued with expiration dates going out as far as 2043. The WPI Licenses require the licensee to "use, Commercially Reasonable Efforts (i) to bring Licensed Products or Licensed Processes to commercial use through a diligent program for exploiting the Patent Rights." WPI is entitled to certain royalties based on commercial revenues generated from the patents licensed under the WPI Licenses. To date, the Kentucky Facility has not reached commercial capacity. So WPI is not realizing any revenue-based royalties from its patents.

3.      The first WPI License was entered into between WPI and Battery Resourcers, LLC, which is identified as "a Massachusetts limited liability company," and is dated as of April 4, 2016, and was amended on June 1, 2020, and May 1, 2021. Battery Resourcers, LLC was formed as a Massachusetts limited liability company in December 2015 (together with any successor entity, "Battery MA"). Under its operating agreement, WPI was identified as holding a 5% membership interest in Battery MA, which was granted as consideration for, and memorialized in, the initial WPI Licenses.

4.      In February 2017, the members of Battery MA executed a document that approved the conversion of Battery MA into a Massachusetts corporation. That consent was signed by the members on February 10 and 14, 2017. The certificate of conversion for Battery MA indicates it would be effective upon its filing with the Massachusetts Secretary of State. It appears the certificate of conversion was never filed and, thus, the conversion of Battery MA to a Massachusetts corporation never became effective. Battery MA was administratively dissolved

60115933.4

- 2 -

by the Commonwealth of Massachusetts on or about December 30, 2022, and reinstated on or about June 22, 2023.

5.      The remaining WPI Licenses, one entered into on June 15, 2017, and two entered into on November 30, 2021, are each between WPI and "Battery Resourcers, Inc., a Massachusetts limited liability company corporation."  Each of these licenses were executed after the putative conversion of Battery MA to a Massachusetts corporation.

6.      Debtor Ascend DE was formed as a Delaware corporation on February 17, 2017.  Its initial name was Battery Resourcers, Inc., and it changed to its current name on or about January 10, 2022.  The members of Battery MA purportedly contributed all of their membership interests in Battery MA to Ascend DE as of the date of Ascend DE's formation.  This contribution was memorialized in an *Acknowledgement of Membership Interest Assignment* signed by WPI, Battery MA's three other members, and Ascend DE, with a date of ratification as of March 12, 2021.

7.      Battery MA is not discussed or identified as a subsidiary of Ascend DE in the first day declaration filed in these cases.

8.      On May 7, 2026, Ascend DE filed a stalking horse purchase agreement between itself, as Seller, and Bluegrass Infrastructure Partners Holdings, LLC, as purchaser (the "Purchaser").  *See* Docket No. 206-1 (the "APA").  The APA indicates that certain contracts will be assumed and assigned to Purchaser, but the schedule of such contracts was not filed.  The APA also indicates that all of the equity in "Battery Resourcers, LLC, a Massachusetts limited liability company" (i.e., Battery MA), will be an Acquired Asset (as defined therein).  *See* APA § 1.1(a).

60115933.4

9.      Ascend DE and Purchaser have not filed with the Court or provided to WPI any information or material to demonstrate to WPI adequate assurance of Purchaser's performance under the License Agreements, should they be part of the assets being conveyed in the sale.

10.     Purchaser's bid also remains subject to overbidding and an unknown party may seek to acquire the WPI Licenses.

11.     On May 8, 2026, the Debtors filed their notice of proposed assumption and assignment and cure amounts.  *See* Docket No. 240 (the "Assumption Notice").  The Assumption Notice:

    a.   incorrectly identifies Ascend DE, rather than Battery MA, as the party to the WPI Licenses;

    b.   incorrectly lists the two amendments to the initial WPI License as separate executory contracts;

    c.   omits one of the two WPI Licenses entered into on November 30, 2021 from the list of executory contract to potentially be assumed and assigned; and

    d.   presents a single, incorrect cure amount for all the WPI Licenses, as discussed below.

## OBJECTION

12.     WPI objects to the Court entering an order effectuating an assignment of the WPI Licenses.

13.     ***First***, it does not appear that a debtor in these cases is a party to the WPI Licenses—non-Debtor Battery MA is the licensee.  This court does not have statutory authority to order the assignment of the WPI Licenses to any party when a debtor is not a party to them.  *See* 11 U.S.C. §§ 365(a) (". . . the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease ***of the debtor***." (emphasis supplied) and (f) ("The trustee may assign an executory contract or unexpired lease ***of the debtor*** . . ." (emphasis supplied)); *see also In re Kingway Logistics, Inc.*, 348 B.R. 399, 404 (Bankr. N.D. Tex. 2006) (if

60115933.4

- 4 -

a debtor's sister company, and not the debtor, was party to a lease, section 365(a) could not be used to reject the lease). Thus, WPI objects to entry of any order of this Court that purports to effectuate an assignment of the WPI Licenses.

14. ***Second***, even if Ascend DE was a party to the WPI Licenses (as stated in the Assumption Notice), WPI objects to assignment of the WPI Licenses under section 365 without its consent, and it does not consent to any assignment of the WPI Licenses at this point. *See* 11 U.S.C. § 365(c) ("The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—(1) (A)applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B)such party does not consent to such assumption or assignment;"). The WPI Licenses concern U.S. patents. Under U.S. patent law, patent licenses may not be assigned without the consent of the licensor. *See, e.g., In re Aerobox Composite Structures, LL*C, 373 B.R. 135, 141 (Bankr. D.N.M. 2007) ("Federal patent law generally prohibits assignment of both exclusive and non-exclusive license agreements absent consent of the licensor."); *see also ProteoTech, Inc. v. Unicity Int'l, Inc.*, 542 F. Supp. 2d 1216, 1216 (W.D. Wash. 2008). And courts have held that U.S. patent law is "applicable law" for purposes of section 365(c). *See, e.g., Everex Sys., Inc. v. Cadtrak Corp.,* 89 F.3d 673, 680 (9th Cir.1996) ("because federal law makes such licenses personal and assignable only with the consent of the licensor, the ... license is not assumable and assignable in bankruptcy under 11 U.S.C. § 365(c)."). Thus, the WPI Licenses cannot be assigned without WPI's consent, and it does not consent.

60115933.4

15.     ***Third***, should the Court determine that the WPI Licenses are, in fact, executory contracts to which Ascend DE is a party and can be assigned without WPI's affirmative consent to such assignment, WPI objects to assignment on the grounds that Ascend DE and any proposed assignee have not demonstrated adequate assurance of future performance by such assignee.  *See* 11 U.S.C. § 365(f)(2)(B) ("The trustee may assign an executory contract or unexpired lease of the debtor only if . . . adequate assurance of future performance by the assignee of such contract or lease is provided.").

16.     The Fifth Circuit has acknowledged that the adequate assurance requirement of section 365 is "a measure of protection for the non-debtor."  *In re Texas Health Enters. Inc.*, 72 F. App'x 122, 126 (5th Cir. 2003).  In the context of an assignment of a license of intellectual property, "it is appropriate to evaluate the financial condition of the assignee and the likelihood that the non-debtor party will receive the benefit of its bargain from the assignee."  *In re GlycoGenesys, Inc.*, 352 B.R. 568, 578 (Bankr. D. Mass. 2006).  In this circuit, adequate assurance has been found to be lacking in the manufacturing context where untested parties were being interjected into the manufacturing process post-assumption, and the court was presented with only speculative plans to meet the ongoing capital and operational needs of the manufacturing business.  *See Matter of Silent Partner, Inc.*, 119 B.R. 95, 98 (E.D. La. 1990).

17.     Among other things, adequate assurance of future performance for an assignee of the WPI Licenses will require the proposed assignee to demonstrate that it not only has the financial wherewithal, but given the complex and cutting edge nature of the technology underlying the WPI Licenses, equally, if not more importantly, possesses the technical, operational and commercial expertise to put the patents licensed under the WPI Licenses to commercial use and that it will do so diligently.  The Kentucky Facility is mid-development, and

60115933.4

- 6 -

it will require technical know-how to ensure that WPI's patent technology is appropriately deployed to achieve commercial operation.  A proposed assignee will, of course, be obligated to perform (and provide adequate assurance it can do so) of all aspects of the WPI Licenses. Myriad other considerations will also go into bringing the Kentucky Facility into commercial operations – the outcome WPI bargained for when it licenses its patents to Battery MA.

18.     At this stage of the proceedings, the Debtors have made no demonstration of adequate assurance by the Purchaser.  It also remains to be seen whether the Purchaser will even be the successful bidder at the auction or if some unknown third party will be the potential assignee of the WPI Licenses.  Therefore, WPI submits that adequate assurance of future performance has not been demonstrated, and the WPI Licenses cannot be assigned to any proposed assignee (if this Court can authorize their assignment at all).

19.     ***Lastly***, any assumption and assignment of the WPI Licenses will require the debtor or proposed assignee to cure the monetary defaults and non-monetary defaults under each of the WPI Licenses.  *See* 11 U.S.C. §§ 365(f)(1) (required assumption as a condition to assignment) and (b)(1)(A) and (B) (requiring cure of defaults and pecuniary losses as a condition to assumption).  As of the date hereof, there are monetary defaults of at least $40,000 on account of minimum royalties and $9,000 on account of patent prosecution costs under the WPI Licenses, although WPI reserves the right to amend and supplement this amount.  Such amounts must be cured as a condition to assumption and assignment.

20.     In addition, patent numbers 11,769,916; 12,046,725; and 12,322,769, and patent application number 17/902,021 are subject to filings by lenders to Ascend DE purporting to perfect security interests encumbering this intellectual property, notwithstanding the fact that this intellectual property is owned by WPI, and Ascend DE (as well as its affiliates) has no authority

60115933.4

- 7 -

to encumber this intellectual property.  Such security interests and filings must be removed immediately, but in no event later than the date of any assumption and assignment of the applicable WPI Licenses.

## CONCLUSION

21.     WPI respectfully requests that the Court deny any request to approve the assumption and assignment of the WPI Licenses by Ascend DE.

Dated: May 13, 2026
        Wilmington, Delaware

                        YOUNG CONAWAY STARGATT & TAYLOR, LLP

                        _/s/ Ryan M. Bartley_
                        Ryan M. Bartley
                        Rodney Square
                        1000 North King Street
                        Wilmington, Delaware 19801
                        Telephone: (302) 571-6600
                        Facsimile: (302) 571-1253
                        Email: rbartley@ycst.com

                        _Counsel to Worcester Polytechnic Institute_

60115933.4