UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 26-90440 (CML) |
| ASCEND ELEMENTS, INC., *et al*. | § | |
| | § | |
| | § | CHAPTER 11 |
| DEBTORS.[1] | § | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING DEBTORS' KEY EMPLOYEE INCENTIVE PLAN AND GRANTING RELATED RELIEF**

**This objection is in reference to the Motion filed at ECF 178.**

Kevin M. Epstein, the United States Trustee for Region 7, which includes the Southern and Western District of Texas (the "U.S. Trustee"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. §§ 586(a)(3) and (5), hereby files his objection to the *Debtor's Motion for Entry of An Order Approving Debtors' Key Employee Incentive Plan and Granting Related Relief* [ECF No. 178] ("KEIP Motion"). In further support of his objection to the KEIP, the U.S. Trustee states the following:

**OBJECTION**

1.      The Court should deny the KEIP Motion because the Debtors have failed to satisfy their burden under 11 U.S.C. § 503(c) to establish that the proposed KEIP: (1) is not an impermissible retention program; and (2) is otherwise justified by the facts and circumstances of these Chapter 11 cases. Although the KEIP Motion asserts that the program is intended to incentivize certain employees to "[consummate] an expedited sale of substantially all of [the Debtors'] assets as a going

---

[1]The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Ascend Elements, Inc. (2893) and Ascend Elements US, LLC (8309). The location of the Debtors' service address is: 133 Flanders Road, Westborough, MA 01581.

concern before their liquidity is fully exhausted" by May 21, 2026, Mot. ¶ 1, the structure of the proposed program demonstrates otherwise. Specifically, the Motion provides that participants will receive either a $500,000 payment upon the closing of a sale or 1.0% of the transaction value. Id. Despite the Debtors' characterization of the program as performance-based, the KEIP functions as a retentive scheme designed primarily to keep insiders employed through the contemplated sale process. The KEIP contains no meaningful, objective, or measurable performance metrics tied to the $500,000 base payment that would align compensation with actual performance. Instead, the proposed participants would receive $500,000 in estate funds merely for remaining employed until consummation of a sale, notwithstanding the Debtors' severe liquidity constraints. The Court should not approve a program that effectively rewards retention while attempting to evade the requirements of section 503(c).

2.      Additionally, the Court should deny the KEIP Motion as moot. Under the proposed KEIP, awards are payable only upon the consummation of a qualifying sale consisting of all or substantially all of the Debtors' assets as a going concern by May 21, 2026. Mot. ¶ 21. However, as the Debtors represented at several status conferences, the Debtors are now pivoting to a piecemeal sale process in which certain assets will be sold separately and not as part of a going-concern transaction. Further complicating the proposed sale process and timeline, certain contemplated transactions are subject to review and approval by the Committee on Foreign Investment in the United States ("CFIUS"). *See* ECF No. 327. Moreover, as of the filing of this Objection, the Court has previously denied the Debtors' request for DIP financing, and the May 21, 2026 deadline contemplated under the KEIP has passed. Considering these developments, the timeline and transaction structure contemplated by the KEIP are no longer feasible, if not impossible, to achieve. Accordingly, the Court should deny the KEIP Motion as moot.

3. For the reasons set forth above, the Court should deny the KEIP Motion. To the extent the Debtors seek to modify the proposed KEIP in light of recent developments, the U.S. Trustee reserves all rights with respect to any revised proposal and requests that any such modifications be filed on full notice to all parties in interest and set for further hearing.

Dated: May 22, 2026.

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN
DISTRICTS OF TEXAS

By: */s/ Ha M. Nguyen*
Ha M. Nguyen
Trial Attorney
CA State Bar No. 305411
515 Rusk, Suite 3516
Houston, Texas 77002
Telephone: (713) 718-4650
Fax: (713) 718-4670
Ha.nguyen@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means on all PACER participants on this 22nd day of May 2026.

*/s/ Ha M. Nguyen*
Ha M. Nguyen